GERRIT T. SCOFIELD, RESPONDENT, *v.* W. JENNINGS DEMOREST, APPELLANT.

FRANK M. SCOFIELD, RESPONDENT, *v.* SAME, APPELLANT.

*Libel — when the plaintiff will not be compelled to reply to new matter in the answer.*

In an action for libel, a motion to compel the plaintiff to reply to new matter set up in the defendant's answer, will not be granted where the new matter so set up constitutes a justification covering the entire history of a judicial controversy, being a lengthy and detailed statement, partly of facts and partly of evidence of facts.

Appeals by the respective defendants from orders entered in each of the above-entitled cases in the office of the clerk of the county of New York on the 25th day of September, 1889, denying defendant's motion to compel the plaintiff to reply to new matter in the defendant's answer.

*Carlisle Norwood, Jr.*, for the appellants.

*Rabe & Keller*, for the respondents.

Barrett, J. :

These are actions for libel. The defendants justify, pleading the truth of the entire libel. It must be conceded that, strictly speaking, such justification is in the nature of "new matter by way of avoidance," as that expression is used in section 516 of the Code of Civil Procedure. The plaintiff may rest upon proof of the publication. The presumption of innocence attaches until it is overthrown by the defendant. The allegation of falsity is not traversable, and the defendant must plead the facts which constitute justification. Granting all this, we still think that this motion was properly denied. It is not every case of confession and avoidance which calls for the exercise of the discretionary power conferred by the section in question. Here the justification pleaded covers the entire history of a judicial controversy. It is a lengthy and detailed statement, partly of facts, partly of evidence of facts. It would be oppressive to put upon the plaintiff the burden of going minutely over this elaborate recital and of admitting, denying, ignoring or explaining every component part of it. It is, besides, quite unnecessary. A great deal of this "new matter" consists of statements with regard to the various proceedings in a law suit, the contents of affidavits and the decisions of a court, all of which can, without inconvenience, be proved by the production of the record. The plaintiff should not be required to compare the papers on file with the averments of the answer, and then say whether such averments are accurate. Much of what the defendant asks amounts to just that. It is plain, from the nature of the case and the circumstances disclosed, that the defendant cannot well be surprised upon the trial by the way in which the plaintiff may seek to meet this new matter; and we agree with the learned judge at Special Term, that these

motions were an attempt, in substance, to require the plaintiff to reply to the defendant's evidence.

The orders appealed from should, therefore, be affirmed, with ten dollars costs on each appeal and the usual disbursements.

BARRETT, J., concurred.

Orders affirmed, with ten dollars costs in each appeal and the usual disbursements.