### CAVANAGH *v.* OCEANIC S. S. CO., Limited.

*(Supreme Court, General Term, First Department.* March 14, 1890.)

PLEADING—MOTION TO COMPEL REPLY—DISCRETION OF COURT.

A motion to compel a reply to an answer pleading a statute of limitations was opposed on the ground that the complaint disclosed the facts relied on to meet the plea. It appeared that, if plaintiff relied solely on those facts, defendant, when they were pleaded in a reply, would be in a position to demur, and thus have the question settled without the expense of preparing for trial. *Held,* that the granting of the motion was a proper exercise of the court's discretion.

Appeal from special term, New York county.

Action by Thomas Cavanagh as administrator, etc., of Jane Lingard Robinson, deceased, against the Oceanic Steam Navigation Company. Plaintiff appeals from an order requiring him to reply to certain paragraphs of the answer.

Argued before VAN BRUNT, P. J., and BARRETT and BARTLETT, JJ.

*James Hillhouse,* (*Thomas P. Wickes,* of counsel,) for appellant. *Wheeler, Cortis & Godkin,* (*Lawrence Godkin,* of counsel,) for respondent.

BARTLETT, J. This is an action by the administrator of Jane Lingard Robinson, deceased, to recover damages from the defendant for having wrongfully caused the death of the plaintiff's intestate in a collision on the Atlantic ocean between the steam-ships Britannic and Celtic on May 19, 1887. The complaint alleges that the death of the plaintiff's intestate occurred within the territorial limits of the United Kingdom of Great Britain and Ireland. It further sets out a portion of the English statute known as "Lord Campbell's Act," corresponding closely with the provisions of our Code of Civil Procedure relating to actions for causing death by negligence, (Code Civil Proc. §§ 1902, 1903,) and avers that the said statute is now in force, and states that it has been decided by the courts of Great Britain that an action can be maintained there under its provisions to recover damages for death caused by negligence in a case of collision on the high seas. From the seventeenth and eighteenth subdivisions of the complaint, it also appears that in August, 1887, a former administrator of the said Jane Lingard Robinson brought a suit against the Oceanic Steam Navigation Company, in the superior court of this city, to recover damages under Lord Campbell's act, and that the complaint in that suit was afterwards dismissed solely upon the ground that the superior court had no jurisdiction of the subject of action; that this determination of the superior court was affirmed by the court of appeals; and that the plaintiff therein has acquiesced in that determination, and paid the costs. Subsequently the letters of administration to John Robinson, the plaintiff in that suit, were revoked, and Thomas Cavanagh, the plaintiff in this action, was appointed administrator *de bonis non* of the said Jane Lingard Robinson, and as such he brings this suit. The twenty-first subdivision of the complaint alleges that "the said action in the superior court of the city of New York was duly commenced within the time limited therefor, and was not terminated either by a voluntary discontinuance, or by a dismissal of the complaint for negligence to prosecute the action, or by final judgment upon the merits."

The answer sets up several defenses; but, for the purposes of the present appeal, it is necessary to consider only the second defense therein pleaded. This is contained in the third and fourth subdivisions, which aver, in substance, that Lord Campbell's act provides that not more than one action shall lie for and in respect of the same subject-matter of complaint, and every such action shall be commenced within 12 calendar months after the death of the deceased person; and the answer furthermore alleges that the present suit was not begun within 12 calendar months after the death of the plaintiff's intestate. It is to these averments of the answer that the plaintiff has been required to reply by the terms of the order from which the present appeal is taken. The appellant attacks the order below on three grounds: *First,* he says the defendant knows already what the plaintiff relies upon to defeat the plea of the statute of limitations set up in the answer, and therefore there is no need of serving a reply in order to give him that information; *secondly,* he says the defendant, by serving a notice of trial, has waived his right to ask the plaintiff to reply; *thirdly,* he says that the purpose of the motion is solely to delay the plaintiff in the prosecution of the claim.

There is some force in the argument that the allegations of the complaint in regard to the superior court suit, showing that it was dismissed solely on the ground of want of jurisdiction, are sufficient to notify the defendant that the plaintiff intends to depend upon these facts to take the case out of the statute of limitations; and, if there were anything in the complaint from which it could be inferred that this was the sole ground upon which the plaintiff would rely for this purpose, it would have to be conceded that no reply was necessary in order to guard the defendant against the liability of being surprised upon the trial. But it is to be observed that without a reply there will be nothing to prevent the plaintiff from meeting the plea of the statute on other grounds, if any exist. Nor do we agree with the learned counsel for the appellant that the sole ground upon which an order to reply may properly be based is to avoid surprise to the opposite party upon the trial. It is true that the question whether a motion to compel a reply should be granted or denied usually depends upon the further question whether a reply is necessary in order to prevent surprise, but no hard and fast rule should be laid down that would make this the only test upon such a motion. In the present case, it appears that, if the plaintiff really intends to meet the plea of the statute of limitations by the facts alleged in the complaint in regard to the superior court suit, and by these facts only, the defendant, when they are pleaded in the form of a reply, will be in a position to demur, and upon its demurrer can be determined the question whether the prosecution of the action is barred by the statute of limitations. The learned judge by whom the motion was granted may well have thought that it would be to the advantage of both parties to have this question of law settled in advance, and without the expense of the elaborate preparation for trial which it is quite apparent would be involved in this action; and we cannot say that such a conclusion on his part, and the consequent determination, constituted an abuse of discretion. The appellant refers to the rule that, even where it appears on the face of the complaint that the cause of action is barred by the statute of limitations, the defendant cannot take this objection by demurrer, but must answer, (Code Civil Proc. § 413; *Hedges* v. *Conger,* 10 N. Y. St. Rep. 42,) and urges that the respondent should not be allowed to circumvent this established rule of law. But a demurrer to facts pleaded for the purpose of taking a case out of the statute of limitations is not the same thing, in letter or spirit, as a demurrer to a statement of facts which seem to bring a case within the statute of limitations.

As to the second objection, that the defendant could not make this motion after having noticed the cause for trial, we do not think the service of a cross-notice after the plaintiff's notice had been served should necessarily be re-

garded as such an expression of satisfaction with the condition of the pleadings as of itself to preclude the defendant from subsequently moving for a reply. That it might be deemed a waiver in many cases, when considered in connection with other circumstances, may be conceded; but the court below was not bound to refuse to entertain the motion, or to deny it, because the defendant had served a cross-notice of trial.

As to the third point of the appellant, that the application was made solely for delay, we do not think the evidence of laches was such as to demand the conclusion that the motion was dilatory in its purpose. The order appealed from must be affirmed, with $10 costs and disbursements. All concur.