## COLUMBUS, H. V. & T. R. CO. v. ELLIS.

*(Supreme Court, Special Term, New York County. August 2, 1890.)*

PLEADING—NEW MATTER—RIGHT TO COMPEL REPLY.

Averments of an answer setting out a former adjudication between the parties in another state which is claimed to constitute *res adjudicata* are not within Code Civil Proc. N. Y. § 516, which provides that "where an answer contains new matter constituting a defense by way of avoidance, the court may, in its discretion, on the defendant's application, direct the plaintiff to reply to the new matter."

At chambers. Action by the Columbus, Hocking Valley & Toledo Railroad Company against John W. Ellis, Charles Lauier, Edward Winslow, Daniel B. Safford, and Edward D. Adams. One of the defendants alleged in his answer that theretofore plaintiff sued defendant and others in the state of Ohio on the same cause of action as that involved in the present action, and that the complaint in the Ohio action was dismissed on the merits, which was a final adjudication of the matter involved. Said defendant now moves that plaintiff be compelled to reply to the new matter set up in the answer. This motion was made on the ground that defendant did not know how plaintiff would meet such defense at the trial. Code Civil Proc. N. Y. § 516, referred to in the opinion, provides that "where an answer contains new matter constituting a defense by way of avoidance, the court may, in its discretion, on the defendant's application, direct the plaintiff to reply to the new matter."

*Charles F. McLean* and *Chas. F. MacLean,* for plaintiff. *Hugh L. Cole,* for defendant.

ANDREWS, J. I am of the opinion that, upon the merits, the defendant Ellis ought to have the relief which he seeks to obtain through this motion, and, as an original question, I should have been of the opinion that it would have been a proper exercise of the discretion given to the court, by section 516 of the Code of Civil Procedure, to grant the application. The precise question involved in this motion has, however, been recently considered by the general term of this department, and that court has reached a contrary conclusion. In the case of *Scofield* v. *Demorest,* 7 N. Y. Supp. 832, a motion was made by defendants to compel the plaintiff to reply to new matter in the defendant's answer, which motion was denied by the special term, and from the order denying the motion an appeal was taken to the general term, which affirmed said order. The general term held that the allegations of the answer which it was sought to compel the plaintiffs to reply to were "new matter by way of avoidance," as that expression is used in said section 516 of the Code, but it also held that the motion was properly denied by the special term. BARRETT, J., delivering the opinion of the court, said: "It is not every case of confession and avoidance which calls for the exercise of the discretionary power conferred by the section in question. Here the justification pleaded covers the entire history of a judicial controversy, which is a lengthy and detailed statement, partly of facts and partly of evidence of facts. It would be oppressive to put on the plaintiff the burden of going minutely over this elaborate recital, and of admitting, denying, ignoring, or explaining every component part of it. It is, besides, quite unnecessary. A great deal of this 'new matter' consists of statements with regard to the defendant's proceedings in a lawsuit, the contents of affidavits, and the decisions of a court, all of which can, without inconvenience, be proved by the production of the record. The plaintiff should not be required to compare the papers on file with the averments of the answer, and then say whether such averments are accurate." It is my duty to follow this decision, which plainly requires a denial of the defendant's motion. Motion denied, with $10 costs to abide the event.