### WINCHESTER *v.* BROWNE.

*(Supreme Court, Special Term, New York County.* August, 1890.)

1. PLEADING—REPLY—MOTION TO MAKE MORE DEFINITE AND CERTAIN.
    After an order was made requiring plaintiff to reply to certain new matters set up in the answer, plaintiff, who was a non-resident, came into the state to confer with his attorney in regard to the preparation of the reply. The reply alleged that plaintiff had no knowledge or information as to many matters of which it would be presumed he had personal knowledge, and it was verified by plaintiff's attorney. *Held,* that plaintiff would be required to make the reply more definite and certain.
2. SAME—NEW MATTER IN ANSWER.
    Where the new matter in an answer consists of the details of legal proceedings in another state, plaintiff cannot be required to serve a reply thereto.

Action by George C. Winchester against T. Quincy Browne. Defendant moves to have the reply made more definite and certain. For former reports, see 4 N. Y. Supp. 155, 6 N. Y. Supp. 913, 7 N. Y. Supp. 550, 8 N. Y. Supp. 82.

*A. Walker Otis,* for plaintiff. *Abbett & Fuller,* for defendant.

ANDREWS, J. The plaintiff's attorney has certainly shown great ingenuity in seeking to find a way to avoid compliance with the order, which directed the plaintiff to serve a reply to certain new matters set up in the answer. Many of the allegations of the answer, to which the plaintiff was required to serve a reply, consisted of allegations of fact which were presumptively within the knowledge of the plaintiff. It is charged, and not denied, that the plaintiff came to this city from another state, and conferred with his attorney in regard to the preparation of the reply; that the attorney thereupon drew the reply, which was served, in which the plaintiff is made to allege that he has no knowledge or information sufficient to form a belief as to many matters of which it must be presumed he has personal knowledge. The plaintiff could probably not have verified this reply without making himself liable to a prosecution for perjury, and he left this state without verifying it; and thereupon the plaintiff's attorney himself verified the reply, and served it. It seems to me that the course pursued was adopted for the express purpose of evading the order, which required the plaintiff to serve a reply. Upon the motion for the order requiring service of a reply no good reason was given why the defendant should be put to the great trouble and expense of proving allegations in the answer concerning which the plaintiff must have personal knowledge. The order was accordingly made, and the object of the order was not to require service of a reply which should set forth how much the plaintiff's attorney did not know about certain matters, but how much the plain-

tiff himself did know about them. It may be, as was contended by plaintiff's attorney on the argument of this motion, that the course adopted by him is authorized by the Code, and that the defendant is remediless. I have some doubt myself whether obedience to the order can be enforced by a motion like the present one, to make the reply more definite and certain. I think, however, that the defendant is entitled to some relief in this matter, and it would seem that, unless he can have it through the present motion, he cannot obtain it at all. I have concluded, therefore, though with some hesitation, to grant the motion in part, with $10 costs. The whole of the motion cannot be granted, because, since the decision of the motion to compel the plaintiff to serve a reply, my attention has been called to the case of *Scofield* v. *Demorest*, 7 N. Y. Supp. 832, and I am of the opinion that so much of my order as required the plaintiff to reply to the allegations of the answer which set forth the details of certain legal proceedings in other states was unauthorized. The parts of the motion which under this decision must be denied are as follows: In subdivision 2, the following clause, "and to the paragraph of said amended answer which describes the parties to the proceedings;" in subdivision 3, the following clause, "the allegation of the said amended answer containing the description of the parties and the proceedings described therein;" also in said subdivision 3, the following words, "and whether the parties therein are correctly described, whether the court did take the proceedings therein described, and whether the result was as therein described;" in subdivision 4, the following words, "that paragraph eight of such reply be made more definite and certain in the same particulars as already prayed for above in reference to paragraphs six and eleven." Except as above specified, the motion will be granted.