HINDS v. PARKER.

(Supreme Court, Appellate Division, Third Department.    December 8, 1896.)

1. MALICIOUS PROSECUTION—TERMINATION OF CRIMINAL PROCEEDINGS.
    A discharge on habeas corpus of one committed to await the action of the grand jury is not a termination of the criminal proceedings, sufficient to authorize an action for malicious prosecution. Landon, J., dissenting.

2. SAME—FAILURE TO PROSECUTE.
    The fact that, up to the time of the trial of an action for malicious prosecution, instituted two days after plaintiff had been discharged on habeas corpus from commitment to await the action of the grand jury, no further steps had been taken in the criminal proceedings, does not show that such proceedings had been finally disposed of.

3. SAME—PROBABLE CAUSE.
    The fact that a criminal prosecution seems to have been instituted without justifiable cause will not support an action for malicious prosecution before a final termination of the criminal proceedings.

Appeal from trial term.

Action by George K. Hinds against Eri C. Parker for malicious prosecution. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed.

. The action is one for malicious prosecution. The plaintiff is a school teacher. The defendant had two sons attending the school taught by the plaintiff. The plaintiff, as such teacher, offered a prize for penmanship, and had the scholars competing therefor, including the two sons of the defendant, each write two promissory notes, which were to be exhibited to the committee, which was to award the prize. Defendant's sons each wrote two such notes, payable to fictitious persons, and signed their own names to them. After the prizes had been awarded, the plaintiff retained the notes in his possession. The defendant made a demand upon him for the notes, which was refused. Subsequently the defendant made a complaint to a justice of the peace, upon his affidavit and those of his sons, and a warrant was issued against the plaintiff charging him with larceny. The plaintiff was arrested, an examination had, and he was committed to await the action of the grand jury upon such charge, and was lodged in the county jail. On the next day he was taken from the county jail upon a writ of habeas corpus, and discharged June 25, 1891. On the 27th day of June the plaintiff commenced this action against the defendant for malicious prosecution, which resulted in the judgment and order appealed from.

Argued before LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

O. F. Matterson (Albert C. Tennant of counsel), for appellant.
W. H. Johnson, for respondent.

HERRICK, J. I have deemed the foregoing very naked statement of facts in this case sufficient for the purposes of this decision, as they sufficiently present the only questions that it seems to me necessary to discuss. It is well settled that no action for malicious prosecution can be maintained until the proceeding complained of has been legally terminated in favor of the accused. 14 Am. & Eng. Enc. Law, 28; Kline v. Hibbard, 80 Hun, 50, 29 N. Y. Supp. 807; Robbins v. Robbins, 133 N. Y. 597, 30 N. E. 977. The fact that the plaintiff was discharged upon a writ of habeas corpus, after his arrest and commitment in the criminal proceedings against him complained of, is relied upon as evidence to show that the criminal proceedings had terminated in his favor before the commencement of this action. I do not think that this contention can prevail. That discharge did not, as a matter of law, terminate the proceedings against him. He had been committed to await the action of the grand jury, and that body could proceed with an investigation of the charge made against him notwithstanding his discharge from imprisonment by the county judge. That had no legal effect whatever upon the criminal proceedings, except to relieve him from imprisonment until the grand jury should pass upon his case. The Code of Civil Procedure (section 2050) provides that, where a prisoner has been discharged by a final order made upon a writ of habeas corpus he shall not be again imprisoned for the same cause, but that it is not to be deemed the same cause "where he has been discharged from a commitment on a criminal charge, and is afterwards committed for the same offense, by the lawful order or other mandate of the court, wherein he was bound by recognizance to appear, or in which he has been indicted or convicted for the same offense." This expressly excludes just such a case as we have here before us. The defendant had been discharged from a commitment on a criminal charge before that charge had been investigated by the grand jury. Why he was discharged the record does not show. It may have been for a defect in the commitment. It may have been that, in the opinion of the county judge, the evidence given before the committing magistrate did not show that a crime had been committed. But in either event such discharge could not prevent the grand jury from acting, and if they had indicted him he could have been rearrested. This contention of the plaintiff has been heretofore passed upon in the case of Swartwout v. Dickelman, 12 Hun, 358, where it was held that a discharge from a writ of habeas corpus under circumstances similar to those presented in this case was not a final determination of the criminal proceedings.

It is contended, however, that the fact that no further steps have been taken in such criminal proceedings is sufficient to show that they have been finally disposed of. I do not think that that by any means disposes of the question. This action was commenced, as it appears, two days after the plaintiff was discharged by the writ of habeas corpus; and the question is whether, at that time, the proceedings had been terminated; and it must be apparent, from what has heretofore been said, that they were not terminated at that time. Evidence that they have not been proceeded with after-

the commencement of this action, it seems to me, is not competent. The question is whether they were terminated at the time of its commencement, and whether the plaintiff had a cause of action at that time, not whether one subsequently accrued, and was in existence at the time of the trial of the action.

Again, the fact that no steps have been taken in the criminal proceedings since the institution of the civil action is not competent, for the reason that the commencement of the civil action for damages may have been instrumental in staying the proceedings in the criminal action. The institution against the prosecutor of a criminal charge of a civil action for damages to a large amount may well have the effect of causing him to abandon the active prosecution of such proceedings, or to delay their further prosecution until the termination of the civil action. One of the reasons why it is held that an action for malicious prosecution will not lie until the final termination of the proceeding complained of is that it is contrary to public policy to permit those engaged in the prosecution of criminal proceedings to be harassed by civil actions for damages caused by such prosecution, and thereby, perhaps, intimidated to relax their vigor in the prosecution of such proceedings, or abandon them entirely. What may have been the effect of the commencement of the civil action should not be permitted to be given as a reason why it can be maintained, particularly in cases where such possible effect is one of the reasons for the existence of the rule sought to be avoided.

We are also asked to hold that, where it is apparent to the court that the criminal proceedings were utterly without foundation or justifiable cause, then the rule that such proceedings must be finally terminated before a suit for malicious prosecution can be commenced does not apply. Every action for malicious prosecution of a criminal action proceeds upon the theory that the criminal proceedings were unfounded or unjustifiable. That is one of the things that must appear in every complaint in such an action, and which must be proved to maintain it. Thus, what it is necessary to have appear in every complaint in an action of this character would have the effect of taking the case out of the operation of the rule in question, and would practically nullify it in every case. The court, in determining whether the rule applied or not, would practically determine the whole question. If it found that the criminal proceedings were without foundation, and that therefore the plaintiff could commence his action without waiting for their termination, that same finding would entitle the plaintiff to recover upon the merits. If he found that there was foundation for the criminal proceedings, and that therefore the plaintiff must wait until they were terminated, that finding would dispose of plaintiff's right of action upon the merits, because, if the criminal proceedings were not without foundation, then the plaintiff would have no right of action after they were terminated. Some unfounded and unjustifiable criminal prosecutions possess less merit than others. Some may be said to be unfounded, and others (to use the language of

counsel) "utterly" unfounded; but the court cannot examine into the merits, to ascertain the degree or extent of the lack of foundation or justifiable cause, in order to determine whether the rule in question should be applied or not. The law in that respect knows no difference in degree. The degree of nakedness of the facts upon which the criminal prosecution was based may be taken into consideration by the jury upon the question of damages, but it makes no difference, in the law, to what extent the prosecution was without foundation or justifiable cause, provided it was without such foundation or cause. The contention of the respondent in that behalf therefore cannot be sustained.

For these reasons, it seems to me that the action was prematurely brought. Having arrived at that conclusion, it is unnecessary to discuss the various other questions argued upon this appeal.

The judgment and order appealed from should be reversed, and, as a new trial of the present action would be useless if the views herein expressed are correct, the judgment should be reversed absolutely, and judgment rendered in favor of the defendant, with costs and disbursements. All concur, except LANDON, J., dissenting.

LANDON, J. (dissenting). As preliminary to the issue of a criminal warrant of commitment, two things should appear: (1) That a crime has been committed; (2) that there is reasonable ground, as the Code of Criminal Procedure expresses it (section 150), to believe that the accused has committed it. Now, when the commission of the crime has been proved, the real contention must be whether the accused committed it. In such case, it is clear that, until such definite action is taken, by the body or tribunal having jurisdiction to take it, as indicates its determination upon that question, the question is open, and, so long as it is open, it is not ended. Pending commitment, however, by the magistrate, to await the action of the grand jury, and the meeting of the grand jury, a county judge may, upon habeas corpus, discharge the accused. The county judge, in such proceeding, as incident to his jurisdiction, may adjudge whether the facts charged constitute a crime; but, if he adjudge that they do, he cannot finally determine whether the accused committed it. If the county judge adjudges that the acts do not constitute a crime, that adjudication is final in its nature, and will avail the accused, as a former judgment, if pleaded in bar to a subsequent indictment for the alleged crime based wholly upon the same acts. Here there is no question or dispute about the acts done by the plaintiff, and, since the acts are undisputed, and constitute no crime, it is plain that the county judge, in discharging the plaintiff, decided, as he ought, that no crime had been committed. A criminal prosecution, based solely upon acts which constitute no crime, is at an end when the adjudication to that effect is made by a tribunal having jurisdiction so to decide. In re Neagle, 135 U. S. 1, 10 Sup. Ct. 658; Code Civ. Proc. § 2050.

The first subdivision of the section cited, which excepts a recom-

mitment for the "same offense" from the finality of the discharge upon habeas corpus, does not apply to a case where there is no offense; for what is "no" offense cannot be the "same" offense, within the meaning of the section.