### VORCE v. OPPENHEIM.

(Supreme Court, Appellate Division, Third Department. January 17, 1899.)

1. MALICIOUS PROSECUTION—TERMINATION—HABEAS CORPUS.
    When a prisoner is in the legal custody of a constable, his discharge by a county judge on a writ of habeas corpus directed to the justice of the peace who issued the warrant does not terminate the criminal proceeding before the justice, as by such writ the county judge acquired no jurisdiction.

2. SAME—MALICE—INSTRUCTIONS.
    A charge in an action for malicious prosecution must state that both malice and want of probable cause must be established by plaintiff.

3. SAME—PROBABLE CAUSE—EVIDENCE—FRAUD.
    When he instituted criminal proceedings against plaintiff for obtaining goods on credit with intent to defraud, defendant had reason to believe that plaintiff knew when he ordered the goods that his property would soon be in the sheriff's hands for the benefit of favored creditors, since his entire stock was levied on only two days after the goods were delivered, and· nearly all of the goods were disposed of before the levy. Plaintiff failed to make any satisfactory explanation, when asked to do so. Held, in an action for malicious prosecution, that the facts did not show want of probable cause.

4. APPEAL—REVIEW—INSTRUCTIONS—EXCEPTIONS.
    Where a case is presented to the jury on an erroneous theory, the question may be reviewed on appeal, though no exception was taken.

Appeal from trial term, Washington county.

Action by Burton D. Vorce against William L. Oppenheim. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUT-
NAM, and MERWIN, JJ.

Mark Cohn, for appellant.
W. E. Young, for respondent.

MERWIN, J.    On the 20th July, 1897, Vorce & Davis, a mercantile
firm at Sandy Hill of which the plaintiff was a member, ordered of
Oppenheim Bros., a·mercantile firm at Albany of which the defend-
ant was a member, a quantity of goods, of the value of $38.75, on
30 days' time, the main item of the goods being 600 pounds of sugar.
The goods were shipped from Albany to Sandy Hill, and taken from
the station at.that place by Vorce & Davis, on the 26th July.    On
the 28th July, the store of Vorce & Davis was closed, their goods
being levied on by the sheriff, on executions against them of about
$3,700.    On the 30th July, the defendant, having learned of the
failure of Vorce & Davis, and of the levy on their goods, went to
Sandy Hill, found the sheriff in possession, demanded his goods, and
was informed that nearly all of them had been sold before the levy.
He saw one of the firm of Vorce & Davis, and their attorney, who
was also the attorney for the judgment creditors, and tried to get
his goods or the pay for them, but could obtain neither.    The judg-
ments were in favor of relatives of Vorce and Davis, and defendant
was informed that they were confessed.    The attorney testified that
the judgments were not confessed, and, if not, then the actions in
which the judgments were recovered would apparently have been pend-
ing prior to the order for the goods.    The defendant thereupon ap-
plied to a justice of the peace for a warrant against plaintiff and his
partner for the crime of larceny in the second degree, in that they had
obtained the goods from the defendant's firm with intent to cheat
and defraud them, and to appropriate the same to their own use.
The information and deposition made for this purpose by the defend-
ant were prepared by an attorney employed by the defendant.    A
warrant was issued, and delivered to a constable, and the parties
were brought or came before the justice.    After some discussion, the
hearing was adjourned to the 6th August, the defendants in the case
being committed to the custody of the constable.    Upon the adjourned
day, before anything was done before the justice, a hearing was had
before the special county judge upon habeas corpus proceedings, and
an order was made by that officer in terms discharging the said Vorce
and Davis from custody, and from further custody and restraint by
virtue of the warrant of commitment issued by the justice.    The
ground of the discharge was that the papers upon which the warrant
was founded were not sufficient to give the justice jurisdiction.    The
writ of habeas corpus, or the petition therefor, was not offered in evi-
dence.    The order recites that a writ of habeas·corpus was issued
to the justice, and that the justice appeared by attorney, and that
Davis and Vorce appeared in person and by attorney.    The consta-
ble was not present, and it does not appear that he was served with
the writ.    He testified upon the trial under review that the defend-
ants, in the proceeding before the justice, "went away about their
business, where they pleased."    About an hour and a half after the

order of discharge was made, and before noon, and without any further proceeding before the justice, the present suit was commenced, and also one in favor of Davis, the other partner. It does not appear that any notice was given to the district attorney, as required by section 2038, Code Civ. Proc. The trial court in effect held, as matter of law, that the criminal prosecution had terminated before the commencement of this suit. This ruling was based on the idea that the order of the special county judge operated to end the criminal proceeding. This, I think, was error. The writ did not run to the constable, and he was not present or served. He, in law, had the custody of the defendants in the criminal proceeding, and the special county judge acquired no jurisdiction to pass upon such custody. The justice took no further action in the matter before the commencement of the suit, and the question must be determined by the facts as then existing. It does not appear to what time of day the proceeding before the justice had been adjourned. The court, in its charge to the jury, said to them as follows: "If you find that this defendant made this accusation without any probable cause for believing it was true, then the plaintiff has made out his case, so far as the second branch—that for malicious prosecution—is concerned, because the other elements have been proven." This eliminated the element of malice, which it was necessary for the plaintiff to establish, and which presented a question of fact for the jury to determine. The subject of malice was referred to in other portions of the charge, but nowhere was it distinctly stated that the want of probable cause and the existence of malice must both be established by the plaintiff before a cause of action is made out for malicious prosecution. No exception was taken to this part of the charge. Still, if a case is presented by the court to the jury upon an erroneous theory, the question may be reviewed in this court, though no exception is taken. Whittaker v. Canal Co., 49 Hun, 400, 405, 3 N. Y. Supp. 576; Roberts v. Tobias, 120 N. Y. 1, 5, 23 N. E. 1105. The defendant, when he instituted the criminal proceeding, had reason to believe that Vorce & Davis, when they obtained the goods of his firm, knew that their property would shortly be in the hands of the sheriff for the benefit of favored creditors. The speedy disposition of the goods obtained of the defendant's firm, the levy on the entire stock under the large judgments, that were either confessed or had been impending for some period prior to the order for the goods, and the failure of Vorce & Davis to give to defendant any satisfactory explanation, upon his application to them before he commenced proceedings, were circumstances that would naturally lead a cautious man to doubt the honesty of the course of Vorce & Davis, and it is not clear that the plaintiff has borne the burden of showing affirmatively the want of probable cause. The defendant is, I think, entitled to a new trial.

Judgment and order reversed, and new trial ordered; costs to abide the event. All concur.