### SEATON v. GARRISON.

(Supreme Court, Appellate Division, First Department.  December 7, 1906.)

PLEADING—ANSWER—NEW MATTER—COMPELLING REPLY.

> In an action against a married woman for goods sold, she answered that the plaintiff had sold the goods on credit of defendant's husband, and had brought suit against him therefor and accepted a certain sum of money from him and a confession of judgment for the value of the goods. *Held*, that the court should have granted a motion to compel a reply under the provision of the Code of Civil Procedure, authorizing the court in its discretion to compel a reply to new matter set up as a defense in an answer.
>
> [Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 321½–326.]

Appeal from Special Term, New York County.

Action by Mary Seaton against Constance C. Garrison. From an order denying a motion to compel plaintiff to reply to a defense contained in the answer, defendant appeals. Reversed.

Argued before PATTERSON, INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Schuyler C. Carlton, for appellant.
Henry U. Hart, for respondent.

SCOTT, J. Plaintiff sues for goods furnished, alleging that they were sold to defendant at her request, and that she agreed to pay for them. In addition to a general denial, the defendant interposed two defenses. One alleges that she was, at the times mentioned in the complaint, a married woman, living with her husband, as plaintiff well knew, and that the goods were sold and delivered with and on the faith and credit of defendant's husband. The second separate defense, repeating the foregoing allegation, alleges that the plaintiff brought suit against defendant's husband for the same bill of goods, and accepted from him at dates prior to the commencement of this action the sum of $1,000 in part payment for said goods, and a confession of judgment for the price or value of the same goods sued for in this action. The Code of Civil Procedure authorizes this court, in its discretion, to compel a reply to new matter contained in an answer and therein set up as a defense by way of avoidance, and this discretion is usually exercised where the new matter is of such a character as to indicate that, if true, it will constitute a defense to the action, the purpose being to simplify the issues and prevent surprise at the trial. We are of opinion that the second separate defense, wherein the defendant in effect pleaded an election of remedies by the plaintiff, is of a character which called upon the court to exercise its discretion and to require a reply to be served. If the defendant relies upon any facts by which she expects to avoid the apparent sufficiency of this defense, she should be required to plead them.

The order appealed from will therefore be reversed without costs in this court, and the motion granted to the extent of requiring the plaintiff to reply to the second separate defense contained in the answer. All concur.