### LINCOLN TRUST CO. v. McVICKAR et al.

(Supreme Court, Special Term, New York County. June 14, 1910.)

PLEADING (§ 166*)—NEW MATTER IN ANSWER—COMPELLING REPLY THERETO.
    Plaintiff will be compelled to reply to new matter in an answer, where it appears that a reply may result in a final disposition of the case by motion for judgment on the pleadings.
    [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 321½; Dec. Dig. § 166.*]

Action of interpleader by the Lincoln Trust Company against Dorothea Edgarita McVickar and others. On motion to compel service of a reply. Motion granted.

See, also, 123 N. Y. Supp. 1126.

Charles O. Mass (Charles O. Mass and Lawrence W. Trowbridge, of counsel), for the motion.

Bowers & Sands (W. H. Van Benschoten, of counsel), opposed.

GIEGERICH, J. This motion to compel the plaintiff to reply to the new matter contained in the answer is resisted chiefly upon the authority of Scofield v. Demorest, 55 Hun, 254, 7 N. Y. Supp. 832; but the motion in that case was denied because there the justification pleaded covered the entire history of a judicial controversy, and contained, as the court pointed out, a lengthy and detailed statement, partly of facts and partly of evidence of facts, and it was held that it would be oppressive to put upon the plaintiff the burden of going minutely over such elaborate recital, and of admitting, denying, ignoring, or explaining every part of it. The General Term making that decision consisted of Justices Bartlett and Barrett. Three months later the same justices, sitting with Presiding Justice Van Brunt, had occasion to pass upon a similar motion, where the facts were different, in Cavanagh v. Oceanic S. S. Co., 56 Hun, 641, 9 N. Y. Supp. 198. In that case the court affirmed an order to compel a reply to an answer pleading the statute of limitations, notwithstanding the fact that the complaint disclosed the facts relied on to meet the pleading. The court observed in the course of its opinion that, if the plaintiff relied solely on such facts, the defendant, when they were pleaded in reply, would be in a position to demur, and thus have the question settled without the expense of preparing for trial. The present case resembles the latter

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

rather than the former, and if a reply is. made it may well result, as the defendant's counsel claims it will result, that the case may be finally disposed of by a motion for judgment upon the pleadings.

Motion granted, with $10 costs to the defendant McVickar to abide the event.