(152 App. Div. 705.)

WEGLEIN v. TROW DIRECTORY, PRINTING & BOOKBINDING CO.

(Supreme Court, Appellate Division, Second Department.    October 4, 1912.)

1. MALICIOUS PROSECUTION (§ 36*)—TERMINATION OF PENDING INDICTMENT.
    It being necessary, for plaintiff's recovery in an action for malicious prosecution, that the proceedings shall have terminated in his favor, his indictment on the same charge by a grand jury after his discharge without a trial by magistrate constituted a complete defense.
    [Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. §§ 71, 78; Dec. Dig. § 36.*]

2. PLEADING (§ 166*)—NEW MATTER IN DEFENSE—REPLY.
    Where, in an action for malicious prosecution, defendant pleaded that, after plaintiff was discharged without trial by magistrate, he was indicted by grand jury for the same offense, it was not a proper exercise of discretion for the trial court to refuse to require plaintiff to reply thereto.
    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 321½, 328; Dec. Dig. § 166.*]

Appeal from Special Term, Kings County.

Action by Louis Joseph Weglein against the Trow Directory, Printing & Bookbinding Company. From an order denying defendant's motion for an order directing plaintiff to reply to new matter in the answer, it appeals. Reversed.

Argued before JENKS, P. J., and HIRSCHBERG, THOMAS, CARR, and WOODWARD, JJ.

Alexander A. Mayper, of New York City, for appellant.
Thomas H. Williams, of Brooklyn, for respondent.

HIRSCHBERG, J. The action is for malicious prosecution; the complaint alleging that the defendant, through one of its employés, maliciously and without probable cause, had the plaintiff arrested and arraigned before a magistrate in the borough of Manhattan on the charge of violating section 553 of the Penal Law (Consol. Laws 1909, c. 40). The accusation appears to have related to an alleged unlawful publication, distribution, and sale of lists of names and addresses belonging to the defendant. The complaint alleges that the plaintiff on his arraignment pleaded not guilty, that the hearing upon the charge was adjourned from time to time until the 12th day of September, 1911, and that on that day he was discharged and the complaint dismissed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

The answer denies malice and want of probable cause, while admitting the arrest and discharge of the plaintiff, but alleges that such discharge was not a termination of the proceedings, and alleges as a distinct and complete defense that the defendant's said employé, immediately upon the plaintiff's discharge, took steps which resulted in the plaintiff's indictment by the grand jury of the county of New York on the 22d day of September, 1911, for the precise charge which was made before the magistrate.

The action was commenced November 1, 1911, and after the joinder of issue the defendant moved to require the plaintiff to reply to the new matter referred to in the answer. The learned Special Term, exercising the discretion conferred by section 516 of the Code of Civil Procedure, denied the motion, and this appeal is from the order thereupon entered.

[1] While the precise question may not have been authoritatively decided in this state, the trend of the decisions here and in other jurisdictions seems to be to the effect that the pending indictment is a complete defense to the plaintiff's cause of action. It is essential to the plaintiff's claim that the proceedings alleged to have been maliciously instituted should be terminated in his favor, and the mere discharge without a trial by the magistrate, immediately followed by an indictment for the same charge, would seem to leave the criminal proceedings or accusation, which constitutes the gravamen of the civil action, still open and undetermined.

In Hinds v. Parker, 11 App. Div. 327, 42 N. Y. Supp. 955, the plaintiff had been discharged by habeas corpus from imprisonment under a commitment to await the action of the grand jury, and an action for malicious prosecution was instituted two days thereafter, and before the grand jury had considered the case. It was held that the action could not be maintained, as the only effect of the discharge was to relieve the accused from imprisonment pending the investigation by the grand jury, and could not be said to operate as a termination of the criminal proceeding in his favor.

In Vorce v. Oppenheim, 37 App. Div. 69, 55 N. Y. Supp. 596, the accused had been discharged on habeas corpus by the special county judge, on the ground that the warrant for his arrest was founded on papers insufficient to confer jurisdiction upon the justice of the peace by whom it was issued, and it was held that the order of the special county judge did not operate to end the criminal proceedings.

The proceedings before the magistrate in the case at bar do not appear to have been terminated upon the merits, and in Halberstadt v. New York Life Insurance Co., 194 N. Y. 1, 86 N. E. 801, 21 L. R. A. (N. S.) 293, 16 Ann. Cas. 1102, the Court of Appeals held that such a termination was an essential prerequisite to the maintenance of an action for malicious prosecution.

In Hartshorn v. Smith, 104 Ga. 235, 30 S. E. 666, it was held by the Supreme Court of Georgia that a discharge by a magistrate on "a preliminary hearing," followed by an indictment, would not

support the civil action for damages. The court said (104 Ga. 237, 30 S. E. 667):

"As before said, if a criminal prosecution has been dismissed, with no intention of commencing it again, or if delay has been made in commencing the prosecution, so as to lead the accused to believe that it has been finally terminated, and if he then and at once commences his action for a malicious prosecution, he might probably maintain the same. But, in all reason, he should not be allowed to maintain such an action when substantially the same criminal prosecution as the one upon which he founds his action is still in the courts undisposed of. Newell on Mal. Pros. 331; Marbourg v. Smith, 11 Kan. 554, 562; Schippel v. Norton, 38 Kan. 567 [16 Pac. 804]."

To the same general effect is the Kansas case last cited in the foregoing extract.

In Knott v. Sargent, 125 Mass. 95, after trial in a police court, the accused, on a finding of probable cause to believe him guilty, was recognized to appear and answer at the next term of the superior court and at any subsequent term to which the case might be continued. No bill was found at the term to which the recognizance was returned, but in an action for malicious prosecution parol evidence was admitted to show that the case had been adjourned to subsequent grand juries because of the absence of a material witness. The Supreme Judicial Court of Massachusetts held that the parol evidence was admissible, and that the criminal prosecution had not been so far terminated that the civil action could be maintained.

[2] Notwithstanding the discretion vested in the court at Special Term, the case is one requiring a reply under the authorities. Seaton v. Garrison, 116 App. Div. 301, 101 N. Y. Supp. 526; Richards v. Greason, 128 App. Div. 320, 112 N. Y. Supp. 675; Olsen v. Singer Manufacturing Co., 138 App. Div. 467, 122 N. Y. Supp. 822; Schaff v. United Surety Co., 142 App. Div. 465, 127 N. Y. Supp. 8. In Olsen v. Singer Manufacturing Co., supra, Mr. Justice Burr said (138 App. Div. 468, 122 N. Y. Supp. 823):

"While the exercise of a power resting in discretion must be determined by the circumstances of each case, as a general rule, when the new matter set forth in a plea in bar is of such a character that, if true, it will constitute a complete defense to the action, unless in some manner it is avoided, it will simplify the issue and prevent surprise at the trial if a reply is ordered showing the grounds of such avoidance. Seaton v. Garrison, 116 App. Div. 301 [101 N. Y. Supp. 526]; Mercantile Nat. Bank v. Corn Exchange Bank, 73 Hun, 78 [25 N. Y. Supp. 1068]; Toplitz v. Garrigues, 71 App. Div. 37 [75 N. Y. Supp. 678]."

It follows that the order should be reversed, and the motion granted. All concur.