HILDA WRITTING, Plaintiff, *v.* THE NEW YORK AND LONG ISLAND TRACTION COMPANY, Defendant.

(County Court, Nassau County, June, 1915.)

Pleading — where answer contains new matter constituting defense by way of avoidance — action for personal injuries — order granted requiring service of reply.

> Where an answer contains new matter constituting a defense by way of avoidance, the court in its discretion may require a reply to the new matter where it is of such a character as to indicate that if true it will constitute a defense to the action.

> Where in an action for personal injuries the answer is a general denial, and as a separate defense alleges that plaintiff for a valuable consideration executed a general release to defendant whereby she released and discharged defendant from the alleged cause of action set forth in the complaint and from any and all claims which she may have had against said defendant down to the day of the execution of said release, an order may be granted requiring plaintiff to serve a reply to said separate defense.

MOTION to compel plaintiff to serve a reply.

James L. Quackenbush (Martin F. Lynch, of counsel), for motion.

Clock & Seaman (James M. Seaman, of counsel), opposed.

NIEMANN, J.   This action is brought to recover damages for personal injuries alleged to have been sustained by the plaintiff on the 4th day of October, 1914, through the negligence of the defendant while she was a passenger upon one of its cars.   The answer is a general denial, and for a further and sepa-

rate defense alleges that the plaintiff, on the 5th day of October, 1914, for a valuable consideration, executed a general release to the defendant, whereby she released and discharged the defendant from the alleged cause of action set forth in the complaint, and from any and all claims which she may have had against said defendant down to the day of the execution of said release.

The defendant now moves for an order requiring the plaintiff to reply to this separate affirmative defense so that it might know in advance of the trial what issue it would have to meet in regard to the said affirmative defense.

The release is pleaded as new matter constituting a defense by way of avoidance and is to be deemed controverted by the plaintiff by traverse or avoidance as the case may require. Code Civ. Pro., § 522; *O'Mara* v. *Brooklyn City R. R. Co.*, 16 App. Div. 204, 205. She need not serve a reply in order to enable her to attack the release upon the trial. *Dambman* v. *Schultz*, 4 Hun, 50. Nor can she be compelled, as a matter of strict legal procedure, to reply to this new defense.

But where an answer contains new matter constituting a defense by way of avoidance, the court may, in its discretion, require a reply to the new matter. Code Civ. Pro., § 516; *Mercantile Nat. Bank of the City of New York* v. *Corn Exchange Bank,* 73 Hun, 78; *Seaton* v. *Garrison,* 116 App. Div. 301; *Shaff* v. *United Surety Co.,* 142 id. 465; *Schweitzer* v. *Hamburg A. P. A. Gesellschaft,* 149 id. 900; *Steinway* v. *Steinway,* 68 Hun, 430; *Cavanagh* v. *Oceanic Steamship Co.,* 30 N. Y. St. Repr. 532; *Watson* v. *Phyfe,* 20 Wkly. Dig. 372. And see notes of cases as to when reply will be ordered in 4 N. Y. Ann. Cas. 219; 7 id. 286.

Mr. Justice Scott, in the case of *Seaton* v. *Garrison,*

*supra*, says that " this discretion is usually exercised where the new matter is of such a character as to indicate that if true it will constitute a defense to the action, the purpose being to amplify the issues and prevent surprise on the trial."

Mr. Justice Miller, in the case of *Shaff* v. *United Surety Co.*, *supra*, says: " While it is within the discretion of the court to compel a reply to new matter in an answer, constituting a defense by way of avoidance, that discretion will usually be exercised when the new matter, if true, will constitute a defense."

Mr. Justice Burr, in the case of *Schweitzer* v. *H. A. P. A. Gesellschaft*, *supra*, says (p. 901): " No absolute rule can be formulated applicable to all cases in accordance with which such a motion should be granted or denied. * * * But as a general rule when the new matter set forth as a plea in bar is of such a character that if true it will constitute a complete defense to the action unless in some manner it is avoided, it will simplify the issue and prevent surprise at the trial if a reply is ordered showing the grounds of avoidance, if such exist."

Mr. Justice Parker, in the case of *Mercantile Nat. Bank of the City of New York* v. *Corn Exchange Bank*, *supra*, says: " The discretion thus committed is a legal one, which should be so exercised as to prevent surprise and promote the interests of justice."

As the pleadings now stand the plaintiff would have the right upon the trial to attack the release upon the ground of fraud, mistake of fact, illegality of execution, etc., and, as pointed out by Judge Rumsey, in the case of *O'Mara* v. *Brooklyn City R. R. Co.*, *supra* (p. 205): " * * * rely upon every possible answer which she might have to the release, precisely as though it had been pleaded." The defendant would

have to go to trial without knowing what particular ground the plaintiff will rely upon to avoid the release.

It seems to me that the burden of making preparation to meet every possible ground of attack upon the release should not be cast upon the defendant, but that the issue based upon this new defense should be sharply drawn so that the defendant shall not be surprised upon the trial.

The defendant should be given an opportunity before trial to know what the plaintiff intends to urge as the ground of the invalidity of the release. *Steinway* v. *Steinway, supra,* 432.

Justice will be promoted by having the issue as to the validity and sufficiency of the release clearly defined.

In the recent case of *Warner* v. *Star Co.,* 162 App. Div. 458, the plaintiff sued for damages for personal injuries resulting from negligence. The defendant in addition to a general denial set up as an affirmative defense the execution of a general release by the plaintiff. An order was made requiring the plaintiff to reply to said affirmative defense, with which the plaintiff complied, setting up several grounds upon which it was claimed that the release was invalid. After joinder of issue the defendant moved for a separate and prior trial under section 973 of the Code of Civil Procedure of the issue as to the validity of the release. This motion was denied and upon appeal the Appellate Division in the Second Department reversed the order and granted the motion for a separate and prior trial. In the course of the opinion the court treated the question of the validity of the release as an entirely separate and distinct issue and held that the defendant was entitled to have the questions of law and fact as to the release first disposed of so that the case might be taken out of the atmos-

phere occasioned by the evidence of negligence and contributory negligence which might produce an unconscious influence upon the jury. Since the question of the validity and sufficiency of the release is in itself a distinct question of law and fact to be decided separately from the question of negligence, it follows that the pleadings should be made complete by setting forth in a reply the particular ground or grounds upon which the release is sought to be avoided, so that the plaintiff may be limited to the grounds set up and the defendant be fully prepared to meet them upon the trial.

Mr. Justice Burr, in the *Warner* case, referring to said section 973, providing for a separate and prior trial, says (p. 461): " The Code section above referred to has useful application to an issue which, if determined in one way, will end the litigation and render a trial upon the merits unnecessary; " citing *Smith* v. *Western Pacific R. Co.,* 144 App. Div. 180; *Pemberton* v. *McAdoo,* 149 id. 20. And so it may be said here that if a reply is ordered the plaintiff may not deny the execution and validity of the release, or may fail to allege facts sufficient to avoid the same, so that the defendant would be entitled to judgment upon the pleadings. *Lincoln Trust Company* v. *McVickar,* 68 Misc. Rep. 132. I am of the opinion that the defendant's practice in moving for a reply is correct and that the court in the exercise of a sound discretion should grant the motion.

Motion granted directing plaintiff to reply to the further and separate defense set forth in paragraph 3 of the defendant's answer.

Motion granted.