MARGARET JOYCE, Plaintiff, *v.* EASTMAN KODAK COM-
PANY, Defendant.

(Supreme Court, Monroe Special Term, March, 1917.)

Calendar — when case stricken from — notice   of   trial — pleading —
   evidence — motions and orders — rule 37 of General Rules of Prac-
   tice — Code Civ. Pro. §§ 542, 768, 977.

   Under section 977 of the Code of Civil Procedure a case must
be stricken from the calendar where the notice of trial was
served within fourteen days of the commencement of the term
after joinder of issue by the service of an amended answer
unless the amended answer was interposed for delay in which
event it may be stricken out under section 542 of the Code of
Civil Procedure and the case allowed to remain on the calendar.

   Where an amended answer sets up new matter which may be
a complete defense to the cause of action the new matter will
not be stricken out and a reply will be directed whether the
completeness of the defense can be determined by a motion
on the pleadings or will require evidence to establish it upon
the trial.

   Under section 768 of the Code of Civil Procedure and rule 37
of the General Rules of Practice where a notice of motion of
ten days has been given and answering affidavits have been
requested additional answering affidavits may be filed in the
discretion of the court, if not as a matter of right, one day
prior to the time at which the motion is noticed to be heard.

MOTION to strike case from calendar and to compel
a reply.

Hubbell, Taylor, Goodwin & Moser (Clarence P.
Moser, of counsel), for motion.

McInerney & Bechtold (John J. McInerney, of coun-
sel, opposed.

RODENBECK, J.   1. The defendant is entitled to have
this case stricken from the present trial calendar. It was

noticed for trial and placed upon the calendar within fourteen days after issue joined by the service of an amended answer.   A case may be placed upon the calendar only as provided by section 977 of the Code of Civil Procedure.   These provisions are statutory and the court has no discretion in the matter.   The defendant had the right to amend its answer of course within twenty days after the service of its original answer (Code Civ. Pro. § 542) and the service of the amended answer destroyed the original issue and created a new issue.   The court may, however, strike out an amended answer where it appears that it was interposed for delay and may allow the case to remain on the calendar.   Where the new matter set up in the amended answer is not invalid in law but depends for its validity upon facts which may be established at the trial, it cannot be stricken out.   *Beyer* v. *Huber Co.,* 115 App. Div. 342.   It cannot be said that the amended answer in this case was interposed for delay.   There are substantial changes in the denials and admissions and defenses not in the original answer are set up which go to the gist of the cause of action.   The case must be stricken from the present calendar.   *Ostrander* v. *Conkey,* 20 Hun, 401; *New-York Insulated Wire Co.* v. *Westinghouse E. & M. Co.,* 85 id. 269; *Coler* v. *Lamb,* 19 App. Div. 236; *Murphy* v. *Lyon,* 127 id. 448; *Yates* v. *McAdam,* 18 Misc. Rep. 295; *Jones* v. *Seaman,* 30 id. 65.

2. The plaintiff should also be required to reply to the third defense set up in the amended answer.   The complaint alleges that the plaintiff was employed by the defendant as an office assistant and the amended answer sets up that she was engaged in a hazardous employment coming within the provisions of the Workmen's Compensation Act and that recourse to compensation under that act is an exclusive remedy.   The

Workmen's Compensation Act as adopted defined an employee as " a person who is engaged in a hazardous employment, etc." Laws of 1913, chap. 816, § 3, subd. 4. Under this language the Appellate Division of the third department has held that the protection afforded by the statute did not extend to persons who were not actually engaged in a hazardous employment although the business in which they were employed might be one of those enumerated in the statute as a hazardous employment. *Matter of Gleisner* v. *Gross Hebener,* 170 App. Div. 37; *Matter of Aylesworth* v. *Phoenix Cheese Co.,* Id. 34; *Lyon* v. *Windsor,* 173 id. 377; *Matter of Fogarty* v. *National Biscuit Co.,* 175 id. 729. The Court of Appeals, however, has given a much broader construction to the statute and has extended it to an employee who is performing an act " which is fairly incidental to the prosecution of a business and appropriate in carrying it forward and providing for its needs," and has discarded the construction that it must be confined to cases where the act is "a step wholly embraced in the precise and characteristic process or operation which has been made the basis of the group in which the employment is claimed." *Matter of Larsen* v. *Paine Drug Co.,* 218 N. Y. 252, 256. It is also significant that the legislature has changed the definition of an employee so as to include " a person engaged in one of the occupations enumerated in section 2, etc." Laws of 1916, chap. 622, § 3, subd. 4, in effect May 20, 1916. The amended language of the statute does not apply to the plaintiff in this case because her injuries were received prior to the date when the statute went into effect but it may be taken into consideration in construing the former language of the statute in conjunction with the language of the Court of Appeals to which reference has been made. These observations

are sufficient to show that a serious question has been raised by the new matter set up in the amended answer and the plaintiff should be required to reply to the new matter so that the defendant may make a motion for judgment upon the pleadings if it desires or try out the issue of fact if one exists upon the trial. *Barker* v. *O'Grady,* 98 Misc. Rep. 42; *Weglein* v. *Trow Directory P. & B. Co.,* 152 App. Div. 705; *Shanahan* v. *Monarch Engineering Co.,* 219 N. Y. 469.

3. The plaintiff served an answering affidavit one day before the motion was heard and the defendant claims that the affidavit cannot be considered on this motion, having been brought on upon a ten days' notice. Section 768 of the Code of Civil Procedure provides that where at least eight days' notice of motion has been given affidavits in answer to the motion shall be served at least one day prior to the time at which the motion is noticed to be heard. It will be observed that this language applies to motions where at least eight days' notice shall have been given and that answering affidavits may be served at least one day prior to the time at which the motion is noticed to be heard. These provisions are directions of the legislature and being statutory may be claimed by a litigant as a matter of right and cannot be abrogated by a rule of court. The courts may adopt rules not inconsistent with statutory regulations but they cannot nullify them. If there were no statutory provisions on the subject the whole matter could be regulated by rules, but so long as the legislature has attempted to regulate the subject the courts are powerless to adopt any rules in conflict therewith. Rule 37 of the General Rules of Practice provides that where the attorneys for the respective parties reside or have their offices in the same city or village a notice of five days shall be sufficient. Where such a notice is given in a city or village the opposing

attorney still has the right to serve answering affidavits at least one day prior to the time at which the motion is noticed to be heard. The rule, however, further provides that where the notice of motion is served ten days before the return day thereof and a request is made for answering affidavits within five days before the return day such affidavits must be so served that the moving party receiving such affidavits may serve reply affidavits at least two days before the hearing and that affidavits in answer and reply cannot be read upon the motion if not so served " unless the court in its discretion for good cause shown may otherwise order." This seems to be a curtailment of the right of the litigant under section 768 of the Code where a ten days' notice is given to serve answering affidavits " at least one day prior to the time at which the motion is noticed to be heard." These attempts at regulating a matter of practice by the legislature and by the courts may emphasize the evil of a mixed statutory and court rule practice. If the legislature had not attempted to regulate this subject at all it could be consistently handled by court rules and the whole matter there treated. In this particular case the answering affidavit was served at least one day prior to the time at which the motion was noticed to be heard so that the court under rule 37 had the power as a matter of discretion to permit the answering affidavit to be used upon the motion and it becomes unnecessary to pass upon her legal right to submit the affidavit.

The motion to strike the case from the calendar and the motion to require the plaintiff to reply to the defense set up in defendant's amended answer are both granted, with ten dollars costs in the first motion to abide the event.

Ordered accordingly.