SILAS M. STILWELL, Respondent, *against* RAMON MARTINEZ HERNANDEZ, Appellant.

(Decided February 4th, 1878.)

Where the complaint alleged a retainer of the plaintiff as counsel and attorney at law and attorney in fact, to procure the release of certain property belonging to the defendant, which had been seized and was detained by the Spanish Government, and an agreement that the plaintiff, upon the release of the property, should receive a specified compensation, and that the plaintiff had obtained the release of the property, and demanded judgment for the amount specified in

the agreement as such compensation,—*Held*, that there was no ground for ordering a bill of particulars of the services performed by the plaintiff, since under the complaint the plaintiff would be entitled to recover upon proving the making of the agreement and the release of the property, and in case he failed to establish those facts, he could not recover the value of such services as he had performed under his retainer as counsel and attorney at law.

APPEAL by the defendant from an order of this court, made at special term by Judge VAN BRUNT, denying a motion for a bill of particulars of the plaintiff's claim.

The action was brought by the plaintiff to recover sixty thousand dollars for alleged services as an attorney and counsellor-at-law.

The complaint alleged that the plaintiff was an attorney and counsellor at law, and the defendant a native of Cuba, now residing in the city of New York. That in 1870 the property of the defendant in the island of Cuba having been embargoed by the Spanish Government, for his alleged complicity in the rebellion in that island, he " retained and employed " the plaintiff " of counsel and as his attorney at law, and in fact, to take such proceedings at law or in equity, or by or through international negotiation or comity, or otherwise, as to this plaintiff should seem best, to obtain from the government of Spain a release of his property." That the plaintiff accepted such retainer and employment, " and entered upon the performance of the duties of such employment, and devoted the larger part of his time in and about the business of obtaining the release of said real estate and property to said defendant as aforesaid." That about a year thereafter, and " after the plaintiff had devoted a long time, with great labor, in and about the business of said defendant as aforesaid," the defendant agreed to give the plaintiff as payment for the services already rendered, and " for such services as plaintiff should thereafter render in and about obtaining the removal of the embargo," a sum equal to the rents and profits of the property during the continuance of the embargo, and the plaintiff to be entitled to no payment for his services " in case said embargo should not be removed." That on making the said agreement as afore-

said, this plaintiff continued thereafter to devote his time and labor to the matter and business of obtaining the release of said real estate and property, and the removal of the said embargo therefrom, and by constant and close attention, and by arduous and continued labor for a period of more than three years," the plaintiff obtained the release of said property. That the value of the rents during the embargo was forty thousand dollars in gold, which sum the defendant refuses to pay in compensation for said alleged services; that said sum was due plaintiff in June, 1875, when the property was released, and judgment was demanded for sixty thousand dollars damages.

The motion was made on the summons and complaint and an affidavit of the defendant, in which he swore that he intended in good faith to defend the action, and was ignorant of the particulars of the claim made against him, and could not properly answer the complaint until he was furnished with a bill of particulars of the plaintiff's claim; the affidavit also included the ordinary affidavit of merits.

*Edmund Wetmore*, for appellant, argued that under the complaint as drawn the plaintiff might fail in his special contract and still recover under a *quantum meruit* (*Sussdorf* v. *Schmidt*, 55 N. Y. 319), and that in principle there was no difference between the action in its present form and under the form of a *quantum meruit*, so far as the propriety of a bill of particulars was concerned. (*Sussdorf* v. *Schmidt*, 55 N. Y. 319; *Smith* v. *Lippincott*, 49 Barb. 398; *Fells* v. *Vestvali*, 2 Keyes, 152.) The allegations of the complaint in *Sussdorf* v. *Schmidt*, first cited, were identical in substance, so far as establishing a *quantum meruit* is concerned, with the case at bar (see said complaint in Vol. 253 of causes in Ct. of Appeals, Law Inst. Library).

*Luthur R. Marsh*, for respondent.

LARREMORE, J.—This is an appeal from an order denying a motion on defendant's behalf for a bill of particulars of

plaintiff's claim. The complaint sets forth some preliminary facts by way of inducement to, and explanatory of, the agreement, viz. : Defendant's representations that certain property owned by him in the city of Matanzas, island of Cuba, would produce a certain rental value and profit, that the Spanish Government had embargoed the property, and that he was desirous to have the same released, etc. Then follow averments setting forth a special contract as to plaintiff's services and compensation in case he procured the removal of such embargo ; his performance of the agreement in this particular, and a demand and refusal of payment of a specific sum of which the agreement furnished the basis of computation. The only purpose to be served by a bill of particulars in such a case would be a disclosure of the evidence of the alleged facts, which is not allowable in a pleading.

Plaintiff's contract, as alleged, is express and entire, and must be proved as laid or the action fails. If he prove performance he is entitled to the compensation as fixed, no more, no less. Without such proof no recovery can be had for any amount. (*Ives* v. *Shaw*, 31 How. Pr. 54; *Fullerton* v. *Gaylord*, 7 Robt. 551.) No demand has been made for a copy of the account, but an appeal is made to the discretion of the court, in pursuance of § 531 of the Code, for a bill of particulars. This question was carefully examined and discussed by Judge Van Hoesen in *Orvis* v. *Jennings* (6 Daly, 434), recently decided by this court, and within the principles of that decision I think the order appealed from should be affirmed.

CHARLES P. DALY, Ch. J., and ROBINSON, J., concurred.

Order affirmed.