MASTERS v. DE ZAVALA et al.

(Supreme Court, Appellate Division, First Department. February 23, 1900.)

PLEADING—ANSWER—NEW MATTER—REPLY.
Plaintiff, as assignee of a judgment collected by defendants, brought an action for the amount thereof. Defendants' answer alleged that they collected the judgment under an agreement fixing their fee at one-half the amount recorded, and they obtained an order requiring plaintiff to serve a reply to the new matter contained in their answer. *Held* error, where the new matter alleged was within the knowledge of defendants, and could be proved at trial.

Appeal from special term, New York county.

Action by Joseph W. Masters against Henry De Zavala and another. From an order directing him to serve a reply, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, McLAUGHLIN, PATTERSON, and O'BRIEN, JJ.

Jacob Fromme, for appellant.
J. Brownson, for respondents.

McLAUGHLIN, J. This is an appeal from an order directing the plaintiff to reply to new matter set up in the answer. The complaint alleges that the firm of Stewart & Bros. brought an action in the United States circuit court to recover excessive duties paid on importations; that the action was prosecuted to and resulted in a judgment in their favor in the sum of $5,186.73, which sum was collected by the defendants; that the same belonged to the plaintiff by assignment, but that the defendants have refused to pay it, notwithstanding a demand has been made therefor. The answer alleges that the suit in the United States circuit court in which the judgment was recovered was brought under an agreement between the plaintiffs in that action, Stewart & Bros., and one Stedwell, their attorney, by the terms of which Stedwell was to prosecute the action at his own expense, and, if a recovery was had, then he was to have, as and for his compensation, 50 per cent. thereof; that Stedwell, during his lifetime, and, after his decease, his executrix, performed all of the terms of the agreement on his part to be performed, prosecuted the action to judgment, and collected, through the defendant De Zavala, who at the time the judgment was recovered was the attorney of record, the amount of the judgment; that under the terms of the agreement they were entitled to retain, as and for the compensation and expenses of Stedwell and his representatives, one half of such recovery, and the other half belonged to Stewart & Bros., and that they have at all times since the judgment was collected been ready and willing to pay the same to Stewart & Bros. or to their assignee; and that the plaintiff in this action had knowledge, at and prior to the time the claim is alleged to have been assigned to him, of all of the foregoing facts, and of the Stedwell agreement. Upon the complaint and answer and an affidavit, the defendants moved for an order requiring the plaintiff to serve a reply to the new matter contained in defendants' answer. The motion was granted, and the plaintiff has appealed.

We think the order should be reversed. No reason is suggested, or facts stated in the papers used upon the motion, which justified the court in making the order. If the defendants are entitled to hold one-half of the judgment collected, as they allege they are, they can establish that fact upon the trial. A reply to new matter will not be directed, when the only purpose sought in having such reply served is to relieve the defendant from the necessity of proving the facts which he sets up in his answer as a defense by way of avoidance. Mercantile Nat. Bank v. Corn Exch. Bank (Sup.) 25 N. Y. Supp. 1068. The facts here alleged as a partial defense are, if true, manifestly within the knowledge of the defendants; and it is difficult to see what good purpose could be accomplished by requiring the plaintiff, in advance of the trial, to state under oath his knowledge on the subject.

It follows that the order appealed from must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.