(71 App. Div. 37.)

TOPLITZ v. LEVERING et al.

(Supreme Court, Appellate Division, First Department. April 11, 1902.)

PLEADINGS—REQUIRING REPLY—DISCRETION.

Though, under Code Civ. Proc. § 516, the right to direct a reply to new matter in the answer is in the discretion of the court, yet where plaintiff sues as assignee of receivers, and defendant answers that they assigned the claim to S., and ordered defendant to pay S., which he has done, a reply should be ordered, to prevent surprise.

Appeal from special term, New York county.

Action by George Toplitz against William M. Levering and another. From an order denying a motion to compel plaintiff to reply to new matter set up in the answer, defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

John Larkin, for appellants.
Wales F. Severance, for respondent.

O'BRIEN, J. The action was for goods sold and delivered by the receivers of a Pennsylvania corporation, of the value of $88,-157.42, upon which $71,029.67 was paid; and the balance the plaintiff claims by assignment from the receivers. In addition to other defenses, the defendants set up new matter, constituting a defense by way of avoidance, in the eighth, ninth, tenth, and eleventh paragraphs of the answer, which, briefly summarized, aver that the receivers assigned to the Safe Deposit Bank of Pottsville, Pa., all their right, title, and interest in their claim against the defendants under the contract, and thereafter the said receivers ordered the defendants to pay to the bank the balance found upon an account stated to be due, and that subsequently the defendants did pay such sum, and were released and discharged from the claim. The right to direct the plaintiff to reply to new matter is, under the provision of section 516 of the Code of Civil Procedure, within the discretion of the court. Whether the defendants' application is to be granted, therefore, necessarily depends upon the facts in such case; and no hard and fast rule can be formulated, applicable to all. Here it was denied, as shown by the memorandum of the judge at special term, upon the ground "that the purpose of the motion is solely to avoid the necessity of taking testimony by commission in support of the defenses." Were this the only purpose to be served, we would concur in the denial; but we think that the court overlooked the fact that a reply in this case is necessary in order to prevent surprise, and promote the interests of justice. The defendants must necessarily prove the new matter without any assistance from the plaintiff, or from the reply if ordered; but without a reply how can they be prepared to meet the defense which may be interposed to destroy the force and effect of the new matter if proved? It is certain that, if the defendants prove the defense of new matter set forth, that is the end of the plaintiff's case, unless the force and effect of this defense can in some way be met and destroyed by.

the plaintiff. But how is it to be met? As suggested by the defendants, has the plaintiff to this new matter defenses in law, or defenses in equity? Will he claim that the assignment to the bank was a forgery, or was never delivered, or that it was not absolute, but conditional? It is mere speculation and conjecture what the defenses to the new matter may be; and as the bank, and the persons knowing of the transactions between the receivers and the bank, are in Pennsylvania, it would be necessary for the defendants to procure upon commission the evidence required to meet any and every possible defense the plaintiff might interpose for the purpose of destroying the validity and effect of the alleged assignment. We think, therefore, that this is peculiarly a case requiring a reply, just as much as if the new matter pleaded had been a judgment in bar. In Mercantile Nat. Bank of City of New York v. Corn Exch. Bank (Sup.) 25 N. Y. Supp. 1068, where the new matter consisted of a judgment, the court, in language which we regard as applicable to the issue here involved, said, speaking of a reply:

"It will not be granted when its only object is to relieve a defendant from the necessity of proving the facts which he sets up as a defense by way of avoidance. But where, as in the third defense, a judgment of this court is pleaded in avoidance, which, so far as the pleadings disclose, seems to have such force and effect as to lead to a judgment in defendant's favor, it is but just that it should be known how the plaintiff proposes to meet the issue of fact thus tendered; if admitted, how, if at all, it expects to avoid the effect which defendant claims for it,—to the end that surprise, with possibly an unjust result upon the trial, may be avoided."

We think that the order appealed from should accordingly be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs, to abide the event. All concur.

---

### JACOBS v. THIRD AVE. R. CO. et al.

(Supreme Court, Appellate Division, First Department. April 11, 1902.)

1. CONNECTING CARRIERS — EJECTION OF PASSENGER — STREET RAILWAYS— TRANSFERS—ERROR OF INITIAL CARRIER.

A street railway company is liable for ejecting a person who presents a transfer ticket from a connecting road, not acceptable under the rules of the company because not properly punched, though the mistake was made by an employé of a connecting road, there being a traffic agreement between the two roads, whereby transfers were issued from one to the other.

2. SAME—CONTRIBUTORY NEGLIGENCE.

Where one is ejected from a street car because his transfer ticket was not properly punched, he is not to be charged with contributory negligence in receiving the same, he not understanding the ticket, and being ignorant of whether it was correctly punched.

3. SAME—LIABILITY OF CARRIER.

Where one is ejected from a street car because his transfer ticket is not properly punched, and is arrested at the instance of the conductor, and imprisoned, the refusal of the transfer, ejection, arrest, and imprisonment are to be treated as continuous acts, for which the company is responsible.