(87 App. Div. 259.)

HALLENBORG v. GREENE et al.

(Supreme Court, Appellate Division, First Department. November 6, 1903.)

1. PLEADING—DELAY—SERVICE OF ANSWER.

Under Code Civ. Proc. § 516, providing that where an answer contains new matter constituting a defense by way of avoidance the court may in its discretion, on the defendant's application, direct the plaintiff to reply to the new matter, it was error to direct service of a reply to an amended answer where the order granting leave to serve the amended answer declared that the trial should not be delayed thereby, and the most of the facts and defenses in the answer, as well as plaintiff's contentions with respect thereto, had been presented on a former application for a receiver.

Appeal from Special Term, New York County.

Action by Axel W. Hallenborg against William C. Greene and others. From an order directing a reply to an amended answer, plaintiff appeals. Reversed. See 73 N. Y. Supp. 403.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, OBRIEN, and INGRAHAM, JJ.

Alfred B. Cruikshank, for appellant.

James Byrne, for respondents.

O'BRIEN, J. This action has been pending since May, 1901, and in addition to the legal questions involved as to the plaintiff's right to maintain the action, which were presented upon demurrers to the complaint, we have had before us all the facts upon the appeal from the order appointing a receiver. Hallenborg v. Greene, 66 App. Div.

590, 73 N. Y. Supp. 403. The cause was on the clerk's trial calendar in November, 1902, and was adjourned by consent to February, 1903. In that month it again appeared on the clerk's calendar, and was set for trial on February 27, 1903. While plaintiff was awaiting its appearance on the day calendar, a motion was made by the defendants for leave to serve an amended answer, which was granted on February 26, 1903, and in the order so entered we find the following provision: "Ordered that this action shall retain its original date of issue and its position upon the calendar of this court, and that the trial of this action shall not be delayed by reason of the service of the amended answer provided for herein." Within a few days after the service of such amended answer the present motion was made to compel the plaintiff to reply, and it is from the order requiring such a reply to be served by the plaintiff that this appeal is taken.

The Code of Civil Procedure (section 516) provides: "Where an answer contains new matter constituting a defense by way of avoidance, the court may in its discretion, on the defendant's application, direct the plaintiff to reply to the new matter." The usual reasons which incline the court to exercise its discretion in granting such applications are to simplify the issues and to prevent surprise upon the trial. They are not granted as matter of course, but, where it is shown that the substantial ends of justice will be promoted in a particular case, then it is proper that the court should exercise its discretion in requiring that a reply be served.

We think that in this case no such showing was made. The most of the facts and the defenses in the answer, as well as the plaintiff's contentions with respect thereto, were presented upon the application for a receiver; and there is no probability of the defendants being taken by surprise upon the trial because the attitude of the plaintiff has been made sufficiently manifest. Moreover, we think that there was a violation of the spirit, if not of the letter, of the provision contained in the order permitting the service of an amended answer. The defendants took advantage of the failure of the cause to appear on the day calendar to make the motion to compel the plaintiff to serve a reply, and the effect of such a motion, as shown by this appeal, was necessarily to delay the trial of the action. We think, in view of the thorough manner in which the facts have been gone over in the preliminary proceedings, that without any more unnecessary delay there should be a trial of this action, and that it was not a wise exercise of the discretion vested in the court to grant this motion, because the necessary effect was to delay the trial, and thus indirectly relieve the defendants from the condition which was imposed in the order permitting them to serve an amended answer.

The order accordingly should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs, the costs of the motion to abide the event. All concur.