(100 App. Div. 514)

POPE MFG. CO. v. RUBBER GOODS MFG. CO.

(Supreme Court, Appellate Division, First Department.    January 20, 1905.)

1. PLEADING—REPLY—NECESSITY.

Where, in a suit on a contract, the pleadings before reply were very complicated, and it did not appear that the substantial ends of justice would be promoted by a reply, plaintiff would not be compelled to file a reply.

Appeal from Special Term, New York County.

Action by the Pope Manufacturing Company against the Rubber Goods Manufacturing Company. From an order denying defendant's motion to compel plaintiff to reply to the separate defenses set up in the answer, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Nathan Ottinger, for appellant.
Lewis H. Freedman, for respondent.

HATCH, J.   This is the last of three motions made in connection with the pleadings in this action.   The first asked to strike out a large part of the complaint in the action.   The second sought to strike out a considerable part of the replies pleaded to the defendant's counterclaims set up in its answer.   We infer that the present motion to compel a reply, if granted, will furnish the basis for a new motion to strike them out.   We quite agree with the learned court below in its opinion, delivered upon denying the motion, "that the interests of justice will best be subserved by not further complicating these already very complicated pleadings."   It is quite evident that when these parties shall finally come to a trial of this action the court will have more difficulty in determining from these pleadings what the issues are, than it will have in disposing of such issues after they are understood.   When, in the language of Mr. Justice Jesse Johnson, the "bite of the case" is presented to the court, and comprehended by it, it will doubtless be found that the great bulk of the complaint, answers, counterclaims, and replies will have fallen into "innocuous desuetude."   We are not able to discover that clearness of issue will be realized, or that justice requires the defendant to reply as asked.   It is only where the substantial ends of justice will be promoted that the service of a reply will be compelled.   Hallenborg v. Greene, 87 App. Div. 259, 84 N. Y. Supp. 319.

The order should therefore be affirmed, with $10 costs and disbursements to the respondent.   All concur.