that by reason of such fraudulent representations he was damaged to the amount of the money paid for such stock. The complaint alleges a tender of the certificate of stock and a demand for the return of the money, and a refusal of such demand, with various matters of detail relating to the fraudulent representations. The defendant corporation demurs to the complaint on the ground that it does not state facts sufficient to constitute a cause of action as against the corporation.

We are of the opinion that the demurrer was properly overruled. The complaint states facts which lead to the fair inference that the corporation is merely the instrumentality of the fraud perpetrated against the plaintiff; that it has received the benefits of the fraud, and retains them; and under such circumstances it would be strange if the plaintiff had no cause of action against the corporation. Under our liberal rules of pleading, the facts set forth in the complaint do constitute a cause of action against all of the defendants.

The interlocutory judgment appealed from should be affirmed, with costs.

HIRSCHBERG, P. J., and JENKS, J., concur. BURR and THOMAS, JJ., dissent.

---

OLSEN v. SINGER MFG. CO. et al.

(Supreme Court, Appellate Division, Second Department. May 6, 1910.)

LIMITATION OF ACTIONS (§ 190*)—PLEADING—REPLY.

Under Code Civ. Proc. § 516, providing that, when an answer contains new matter constituting defense by way of avoidance, the court may in its discretion, on defendant's application, direct the plaintiff to reply to the new matter, the court should require a reply to a plea of the statute of limitations; that being by way of avoidance.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 698, 703; Dec. Dig. § 190.*]

Appeal from Special Term, Kings County.

Action by Gjeruld Olsen against the Singer Manufacturing Company, impleaded with Edward Roche. From an order denying a motion to compel plaintiff to reply, defendant appeals. Reversed, and motion granted.

Argued before JENKS, BURR, THOMAS, RICH, and CARR, JJ.

Ephraim Williams (Henry A. Prince, on the brief), for appellant.
Sumner B. Stiles, for respondent.

BURR, J. The complaint in this action attempts to set out a cause of action accruing on October 29, 1906. Defendant pleads, among other things, the defense of the statute of limitations. After issue joined in due season a motion was made to compel plaintiff to reply, and from the order denying such motion this appeal is taken.

The plea of the statute of limitations is a plea of avoidance, and at common law was known as a special plea in bar. Will's Gould on Pleading, 570. At common law a replication was generally necessary

to prevent such plea from constituting a bar to a recovery. 25 Cyc. 1414; Almy v. Daniels, 15 R. I. 312, 4 Atl. 753, 10 Atl. 654; Garrison v. Owens, 1 Pin. (Wis.) 471; Barlow v. Arnold (C. C.) 6 Fed. 351. Under our Code, when an answer contains new matter constituting defense by way of avoidance, the court may in its discretion on defendant's application direct the plaintiff to reply to the new matter. Code Civ. Proc. § 516. In this case the bar of the statute is pleaded in two counts. From these it appears that defendant is a foreign corporation, created and existing under the laws of the state of New Jersey; that the cause of action, if any, arose there; that, when the cause of action accrued, plaintiff was not a resident of the state of New York; and that, by the statute of New Jersey, the time within which such an action must be brought is fixed at two years. The affidavit upon which the motion to compel a reply is based states that this action was commenced on October 25, 1909. While the exercise of a power resting in discretion must be determined by the circumstances of each case, as a general rule, when the new matter set forth in a plea in bar is of such a character that, if true, it will constitute a complete defense to the action unless in some manner it is avoided, it will simplify the issue, and prevent surprise at the trial if a reply is ordered showing the grounds of such avoidance. Seaton v. Garrison, 116 App. Div. 301, 101 N. Y. Supp. 526; Mercantile Nat. Bank v. Corn Exchange Bank, 73 Hun, 78, 25 N. Y. Supp. 1068; Toplitz v. Garrigues, 71 App. Div. 37, 75 N. Y. Supp. 678. The period of time fixed by the statute of limitations of New Jersey, as well as the former and perhaps the present residence of the plaintiff, may be material issuable facts upon the question of the sufficiency of the plea in bar, and there are various grounds upon which it may be claimed that the operation of the statute was suspended and its effect avoided. Under such circumstances, we think that a reply should have been ordered. The decisions are not entirely uniform, but in the majority of cases, under somewhat similar circumstances, a timely motion to compel plaintiff to reply has been granted. Hubbell v. Fowler, 1 Abb. Prac. (N. S.) 1; Cavanagh v. Oceanic Steamship Co., 56 Hun, 641, 9 N. Y. Supp. 198; Williams v. Kilpatrick, 21 Abb. N. C. 61; Schwan v. Mutual Trust Fund Life Association, 9 Civ. Proc. R. 82.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion to compel a reply granted, with $10 costs. All concur.