## FRAGNER v. FISCHEL.

(Supreme Court, Appellate Division, Second Department. December 30, 1910.)

1. BROKERS (§ 82*)—ACTION FOR COMPENSATION—BILL OF PARTICULARS—
GROUNDS.

In an action for broker's commissions, under a special contract for a specified per cent. of commissions, defendant is not entitled to a bill of particulars as to the number of days and dates of service of plaintiff; the question of how much time he expended being immaterial.

[Ed. Note.—For other cases, see Brokers, Dec. Dig. § 82.*]

2. PLEADING (§ 166*)—REPLY—NECESSITY—"AVOIDANCE."

In Code Civ. Proc. § 516, giving the court discretionary power to order a reply to new matter set up by way of avoidance, "avoidance" is the introduction of new or special matter, which, admitting the premises of the opposite party, avoids or repels his conclusions.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 321½; Dec. Dig. § 166.*

For other definitions, see Words and Phrases, vol. 1, pp. 654–655.]

3. PLEADING (§ 166*)—REPLY—NECESSITY—"AVOIDANCE."

In an action for broker's commissions, an answer denying the allegations of the complaint, and alleging that plaintiff was employed by some other person, to defendant unknown, to obtain defendant's consent to the lease for procuring which plaintiff seeks compensation, and that plaintiff specially waived all claim to commissions under the contract alleged in the complaint, does not set up matter in "avoidance," within Code Civ. Proc. § 516, authorizing the court to order a reply where the defendant sets up new matter by way of avoidance.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 321½; Dec. Dig. § 166.*]

Appeal from Special Term, Kings County.

Action by Isaac Fragner against Harry Fischel. From an order denying a motion for a bill of particulars and for direction to plaintiff to reply, and from an order resetting said order, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, THOMAS, and CARR, JJ.

J. A. Seidman, for appellant.
Louis Fridiger, for respondent.

WOODWARD, J. The plaintiff, a real estate broker, brings this action to recover commissions alleged to have been earned in securing a lessee for the Grand Theater in the city of New York, at an annual rental of not less than $35,000, with a special agreement to pay 1 per cent. upon the aggregate amount of rentals accruing under the lease if plaintiff procured a lessee who would not pay less than $45,000 per annum; that plaintiff, at the request of defendant, rendered services in procuring a lessee for the said premises, and secured a lessee who undertook to rent the premises at an annual rental of $47,000 per. annum to August 31, 1916, and $46,000 for the remainder of the term, making the commissions aggregate $9,730, no part of which has been paid. The defendant denied the material allegations of the complaint, and in a so-called separate and distinct de-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep't Indexes.

fense alleged that plaintiff was employed by some other party, to defendant unknown, to obtain defendant's consent to the lease of the premises, and that in connection with said transaction plaintiff specially waived all claim to commissions under the contract alleged in the complaint.

With the pleadings in this situation, defendant moved the court for an order compelling plaintiff to give a bill of particulars stating the street and number of the place where and the date and month when the alleged agreement was entered into; whether the said agreement was oral or in writing, and, if in writing, a copy of the same; the name of the alleged tenant and the nature of plaintiff's services, stating in separate items the number of days during which such services were rendered, on which plaintiff bases his claim for reasonable value. Defendant likewise moved the court for an order directing plaintiff to reply to the alleged new matter. The motion was denied in all particulars. Subsequently plaintiff voluntarily consented to give a bill of particulars as to all the matters requested in the motion, with the exception of the number of days, etc., on which he was engaged in procuring the lessee, and the order was modified in this particular. The defendant appeals from the modified order.

Passing over any technical consideration of the regularity of the defendant's proceedings, it may be said that there is no ground for the request for a bill of particulars as to the amount of time used by the plaintiff. The complaint is not based upon the fair value of the services, but upon a specific contract for 1 per cent. of the aggregate amount of the rentals to be received, and the question of how much time plaintiff expended has nothing to do with the case.

On the question of defendant's right to a reply, we are clearly of opinion that the order appealed from is right. It is only where the defendant sets up new matter by way of avoidance that the court is given the discretionary power to order a reply (section 516, Code of Civil Procedure), and—

"avoidance in pleading is defined to be the introduction of new or special matter, which, admitting the premises of the opposite party, avoids or repels his conclusions." 3 Am. & Eng. Ency. of Law, p. 523.

In Mahaiwe Bank v. Douglass, 31 Conn. 177, the court say:

"'Matter of avoidance,' says Mr. Gould, in his learned and accurate treatise on Pleading (chapter 2, § 42), 'is new matter which admits the declaration to be true, but shows, nevertheless, either that the defendant was never liable to the recovery claimed against him, or that he has been discharged from his original liability, by something supervenient.'"

The so-called new matter of the answer of defendant is such as might have been introduced under the general denial. It seeks to show a state of facts contrary to the allegations of the complaint, and it is not, therefore, new matter by way of avoidance; and the court very properly refused to grant defendant's motion.

The orders appealed from should be affirmed, with $10 costs and disbursements. All concur.