CITY EQUITY CO. v. BODINE.

(Supreme Court, Appellate Division, Second Department. December 30, 1910.)

1. LIMITATION OF ACTIONS (§ 22*)—LIMITATION APPLICABLE—LIABILITY OF HEIR ON OBLIGATION OF ANCESTOR.

An action under Code Civ. Proc. § 1843, to charge an heir at law with liability arising out of a sealed instrument of his ancestor in title, is not, because statutory, limited to six years by section 382, but, being founded on the original obligation of the ancestor, is not barred by a less time than would have barred the ancestor.

[Ed. Note.—For other cases, see Limitation of Actions, Dec. Dig. § 22.*]

2. LIMITATION OF ACTIONS (§ 190*)—PLEADING—COMPELLING REPLY.

Where the statute of limitations set up in the answer was apparently inapplicable, it was proper to refuse to compel plaintiff to reply.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 698, 703; Dec. Dig. § 190.*]

3. PLEADING (§ 165*)—COMPELLING REPLY TO AFFIRMATIVE DEFENSE.

Defendant having pleaded affirmatively that a decree set up as part of plaintiff's cause of action was rendered without jurisdiction, the court properly refused to compel plaintiff to reply; defendant knowing what the reply would be, and intending to demur thereto, and it not being necessary to prevent surprise or clarify the issues.

[Ed. Note.—For other cases, see Pleading, Dec. Dig. § 165.*]

Appeal from Special Term, Richmond County.

Action by the City Equity Company against William H. J. Bodine. From an order denying a motion to compel the plaintiff to reply to separate defenses, defendant appeals. Order affirmed.

See, also, 138 App. Div. 923, 123 N. Y. Supp. 1110.

Argued before HIRSCHBERG, P. J., and WOODWARD, CARR, JENKS, and THOMAS, JJ.

J. Aspinwall Hodge, for appellant.

Benjamin N. Cardozo (Alfred G. Reeves and Harold Swain, on the brief), for respondent.

CARR, J. This is an appeal from an order, entered at Special Term in Richmond county, denying a motion to compel the plaintiff to reply to two separate defenses set up in the answer. This case has been before this court in various phases three or four times.

The action was brought, under section 1843 of the Code of Civil Procedure, to charge an heir at law with a liability arising out of a sealed instrument of his ancestor in title. The first separate defense is the statute of limitations. The defendant claims that, as the action is statutory, the limitation of 6 years applies. Code Civ. Proc. § 382, subd. 2. He wishes to compel a reply to test the sufficiency of his plea. The plaintiff claims that the limitation is 20 years, inasmuch as the action, though statutory, is based upon the sealed instrument of the ancestor, as to which liability is continued against the heirs to the extent of assets received. It appears to be well settled that an action of this character, though regulated by statute, is based upon the original obligation of the ancestor, and is not barred in any period of time less than that which would have been a bar in favor of the

ancestor, had he survived. Colgan v. Dunne, 50 Hun, 443, 3 N. Y. Supp. 309; Hamlin v. Oosterhoudt, 72 App. Div. 601, 76 N. Y. Supp. 258; Adams v. Fassett, 149 N. Y. 61, 43 N. E. 408; Mead v. Jenkins, 27 Hun, 570, 572.

Quite recently this court, in Olsen v. Singer Mfg. Co., 138 App. Div. 467, 122 N. Y. Supp. 822, held that, under certain circumstances, it was proper to compel a plaintiff to reply to a defense of the statute of limitations. In that case, however, the general applicability of the statute pleaded in bar was unquestionable. A reply was compelled, in order that the defendant might be apprised before trial whether the plaintiff relied upon the existence of any facts which would prevent the running of the statute. Here, however, the case is different, as the statute here pleaded is apparently inapplicable.

As to the other separate defense to which the defendant seeks to compel the plaintiff to reply, there is no merit shown in the application. As a part of its cause of action the plaintiff pleads a decree of the Surrogate's Court of Richmond county. The defendant pleads affirmatively that the Surrogate's Court was without jurisdiction to make the decree. He asks the plaintiff to reply to this affirmative defense, not that he may be informed how the plaintiff intends to meet this plea at the trial, for he concedes that he knows what answer the plaintiff will make, but in order that he may demur to the matter which will be set up in the reply, if it be directed. While the courts have ordered, sometimes, a plaintiff to reply to an affirmative defense of avoidance, to clarify issues and prevent surprises at the trial, yet the circumstances of this case, with its plethora of pleadings heretofore, do not present a case calling for an exercise of the court's discretion in favor of the defendant on this point. There has been so much pleading already that it is well-nigh time that the action was tried. The defendant's answer is his third amended answer.

The order should be affirmed, with $10 costs and disbursements. All concur.