CONTINENTAL SECURITIES CO. et al. v. BELMONT et al.

(Supreme Court, Special Term, Kings County. August 5, 1911.)

1. LIMITATION OF ACTIONS (§ 185*)—ANSWER—REPLY—NECESSITY.

If the face of the complaint shows that the cause of action alleged may or may not have accrued within the statutory period, and defendant pleads limitations, the court may well exercise its discretion by ordering a reply; but no reply should be required if the complaint alleges a cause of action existing when the summons was served.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 694; Dec. Dig. § 185.*]

2. LIMITATION OF ACTIONS (§ 185*)—ANSWER—REPLY—NECESSITY.

Plaintiffs sued as stockholders for themselves and other stockholders, and alleged that defendant directors procured the issuance of a large amount of capital stock to themselves without consideration and in fraud of the stockholders, that such stock is still outstanding, and defendants still control the corporation, and the prayer was that they be required to account for the unlawful issue of the stock and return the dividends received. *Held* that, even if the six-year statute of limitations applied, the facts alleged brought the cause of action alleged within the statutory period and entitled plaintiffs to the relief prayed, so that no reply to the plea of limitations should be required, as it would show no new facts.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 694; Dec. Dig. § 185.*]

Action by the Continental Securities Company and others against August Belmont and others. On motion to compel the filing of a reply. Motion denied.

See, also, 129 N. Y. Supp. 777; 130 N. Y. Supp. 1108.

J. Aspinwall Hodge and Stephen M. Yeaman, for plaintiffs.
Julien T. Davies, for defendants.

KELLY, J. The defendants move for an order compelling the plaintiffs to reply to the defense of the six-year statute of limitations set up in the answer. The plaintiffs object that it clearly appears on the face of the complaint that the six-year statute does not apply, and that, if it were applicable, the plaintiffs have affirmatively pleaded facts avoiding it, so that the necessity for reply is obviated. The application is addressed to the discretion of the court, to be exercised, however, along the line indicated in the decisions. Mason v. Henry, 152 N. Y. 529, 46 N. E. 837, citing Baldwin v. Martin (N. Y. Super. Ct., General Term, 1872) 14 Abb. Prac. (N. S.) 9; Olsen v. Singer Mfg. Co., 138 App. Div. 467, 122 N. Y. Supp. 822; City Equity Co. v. Bodine, 141 App. Div. 907, 126 N. Y. Supp. 439.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[1] If it appears from the face of the complaint that the cause of action is one which may or may not have accrued within the period of statutory limitations, and the defendants answering plead the statute, I think the court may well compel a reply. But where the complaint alleges a cause of action which, taking the averments as true, existed when the summons was served, I can conceive of no good purpose which will be served by ordering a reply. If the plaintiff sues on a promissory note which was made and matured within the year, should the court order a reply to the defense of the six-year statute? I think not.

[2] In the case at bar, the plaintiffs sue as stockholders in a corporation on behalf of themselves and other stockholders who may unite with them, alleging that the defendants directors, in breach of their obligations to the stockholders, procured the issuance to themselves of a very large amount of the capital stock of the defendant corporation, that the stock was unlawfully issued, without consideration, and by means of concealment and other methods of fraud of the stockholders. It is charged that the fraudulent stock is still outstanding in the hands of the defendants or their nominees, that the defendants are still directors and in control of the corporation, and the relief asked is that the defendants account for the unlawful issue of stock and return to the corporation the dividends received by them. The plaintiffs also ask for such judgment as other stockholders, who may unite with them, may be entitled to, and for such other relief as may be just and equitable.

On this motion, the court is not called upon to express any opinion on the facts or as to whether the defense of the statute is good or bad. I have read the printed record on the appeal from the order allowing the withdrawal of the demurrer interposed by the plaintiffs, and the plaintiffs certainly appear to have had considerable experience in this class of litigation.

Considering the motion, then, simply on the averments of the complaint, I have grave doubt whether the six-year statute applies; but, if it does apply, the plaintiffs have voluntarily assumed the burden of proof by alleging matters which they claim bring their cause of action within the statutory period and by alleging fraudulent concealment of the facts up to a time within six years of the commencement of the action, and if the issue of stock is illegal, and it is in the hands of the defendants, there is a continuing right in the stockholders to insist that it be canceled. These facts all appear in the complaint. Nothing new would be disclosed by a reply.

I think the motion should be denied.