## MERINOS VIESCA Y COMPANIA, Inc., v. PAN AMERICAN PETROLEUM & TRANSPORT CO. et al.

District Court, E. D. New York.
May 21, 1930

Pleasants & Lowry, of New York City (Samuel A. Pleasants, of New York City, of counsel), for plaintiff.

Kellogg, Emery & Inness-Brown, of New York City (J. Fearon Brown and Dean Emery, both of New York City, of counsel), for defendants.

GALSTON, District Judge.

The defendants move to compel the plaintiff to reply to fourteen separate defenses, which may be grouped as follows:

The first four relate to statutes of limitation in New York, Vera Cruz, Delaware, and Maine; the fifth, sixth, and seventh set forth ratification; the eighth and ninth set up the defense of estoppel; the tenth and twelfth, res adjudicata (the twelfth defense relates to res adjudicata based on an alleged prior proceeding in the courts of the state of Mexico, to which plaintiff has agreed to reply); the eleventh, forum non conveniens; the thirteenth, a release; and the fourteenth, a conveyance of the fee prior to the beginning of the action to some third parties.

Section 274 of the New York Civil Practice Act is relied upon. It provides:

"Where an answer contains a new matter constituting a defense by way of avoidance, the court, in its discretion, on the defendant's application, may direct the plaintiff to reply to the new matter."

It may be stated generally that the discretion of the court cannot be successfully invoked, unless it appears that the defense be sufficient in law; that it be other than a pleading of evidence offered in support of a general denial; that the issue be one not already framed; and that its purpose is not merely to save the defendant the difficulty of proving his defense. Hallenborg v. Greene, 87 App. Div. 259, 84 N. Y. S. 319; Fragner v. Fischel, 141 App. Div. 869, 126 N. Y. S. 478; City Equity Co. v. Bodine, 141 App. Div. 907, 126 N. Y. S. 439; and Masters v. De Zavala, 48 App. Div. 269, 62 N. Y. S. 791.

These tests should be applied to the various defenses set up herein to determine whether a reply should be ordered.

The complaint, the sufficiency of which has heretofore been sustained by this Court, in substance alleges that Senora Encarnacion Cruz y Betancourt in 1895 was the owner of certain lands in Mexico; that on or about June 21, 1902, she executed a general power of attorney to her son; that this general power of attorney, while conveying authority to the attorney in fact to lease real estate, gave him no authority either to sell it or to lease it with a license to remove petroleum products. It is then alleged that the said attorney in fact, despite such inherent limitations in the general power, undertook to execute a license to the defendant, Pan American Petroleum & Transport Company, on lands of Senora Cruz, to mine, drill, explore, exploit, extract, and export crude oil and any analogous substance. The plaintiff contends that the defendant was bound by an implied covenant to return the property in the state in which it was received, and that the plaintiff has the option of awaiting the expiration of the lease or of suing for damages because of the irreparable character of the injury al-

leged to have resulted from the mining of the property in question. It is alleged that this mining or drilling began in 1907, and that as late as March 18, 1921, it still continued.

This action was commenced December 30, 1925.

In view of the foregoing allegations of the complaint, it is difficult to understand how the defense of the statute of limitations is applicable, for the lease or whatever instrument it was which was executed by the attorney in fact and delivered to the Pan American Petroleum & Transport Company does not expire until June 30, 1936. Obviously there is enough set forth in the complaint to show that, if the theory of the plaintiff is correct in respect to the limitations of the power of attorney executed by Senora Cruz, then the defendant has performed acts, since the delivery to it of the alleged license, which would constitute a breach of the covenant as interpreted by the plaintiff and prevent it from complying therewith. In such circumstances it would make no difference when such breach or breaches took place, for the plaintiff obviously could not be compelled to bring its action until the expiration of the alleged agreement. Under this understanding of the complaint, the plea of a statute of limitations would not be a sufficient defense. In the present state, therefore, of the pleadings and expressed theory of the plaintiff, there need be no reply to the first four defenses.

■ The fifth defense alleges ratification by Senora Cruz, as well as by all persons purporting to succeed to her rights. If such defense were established, the complaint would have to be dismissed, for it would be a sufficient defense. In the interest of simplicity of pleading and to narrow the issues, the plaintiff should reply to this defense, as well as to the sixth defense, which alleges a ratification by public instrument.

■ On the other hand, the seventh defense relates to a ratification of the attorney in fact on April 28, 1924. As it is alleged that he was the successor in title of his mother, it would seem that this new matter should be replied to, but the complaint alleges that on November 11, 1922, the said Geronimo Merinos assigned all his right, title, and interest in and to his claim or demand against the defendants to the plaintiff herein. If the plaintiff succeeds in proving that allegation of the complaint, of course ratification by Geronimo Merinos in 1924 will be of no effect. No reply, therefore, need be made to the seventh defense.

■ The eighth defense—one of estoppel—calls for a reply so far as it relates to acts of acquiescence of Senora Cruz and of Merinos up to the time of the alleged conveyance by Merinos on November 11, 1922, of his right, title, and interest to the plaintiff herein.

The same view must be taken of the ninth defense, which is also one of estoppel.

■ The tenth defense alleges that the Tamiahua Petroleum Company, one of the defendants, obtained a confirmatory concession from the department of industry, commerce and labor of Mexico on January 2, 1929, in pursuance of the provisions of the constitution and the petroleum law of Mexico, and that the plaintiff made no objection thereto. The constitution was that of 1917, and the petroleum law was signed by the President of Mexico on December 26, 1925, and became effective on December 31, 1925. It is alleged that the law was subsequently amended on January 10, 1928, and the confirmatory application made in accordance with such amended law. While it is true that this action was brought before the defendant obtained the confirmatory concession, nevertheless it is significant that the plaintiff, as the alleged owner of the same rights, made no effort itself to obtain such concession. The defense has some merit, and should be replied to. Rochkind v. Perlman, 123 App. Div. 808, 108 N. Y. S. 224, 1151.

■ The eleventh defense embodies allegations to the effect that in 1921 Francisco Viesca and Martin C. Ruis, purporting to act under a power of attorney from Merinos, instituted an action against the Tamiahua Petroleum Company, one of the defendants herein, in Mexico, for substantially the same relief as is sought herein, and that said action was determined in favor of the defendant. A reply should be made to this defense.

On the argument the plaintiff conceded the propriety of replying to the defense of res adjudicata based on previous proceedings between the parties in the republic of Mexico.

No reply need be made to the thirteenth defense, because of the allegation in the complaint that Merinos in November, 1922, assigned to the plaintiff all of his cause of action against the defendants. For the same reason no reply need be made to the fourteenth defense.

The motion is in part granted and in part denied, as heretofore set forth. Settle order on notice.