ADRIAN BLOCK, Plaintiff, *v.* IRVING L. FISK, Defendant.

Supreme Court, Erie County, June 27, 1941.

*Persons & Blair*, for the plaintiff.

*Desbecker, Fisk, Deckop & Conners*, for the defendant.

DIAMOND, J. This is a motion by the plaintiff for an order modifying the defendant's demand for a bill of particulars. The demand covers several items. Plaintiff concedes the defendant's right to all of the particulars sought except as to services claimed by plaintiff to have been performed by him pursuant to and in accordance with certain agreements alleged by plaintiff to have been entered into between the parties to this action and between plaintiff and defendant's deceased copartner.

The parties to this action are attorneys and counselors at law. Plaintiff's alleged claim arises out of a long litigation between Squaw Island Freight Terminal Company, Inc., and the City of Buffalo, which litigation finally terminated in a judgment in favor of the Squaw Island Company.

The apparent object of this action is to obtain an accounting between the parties, it being alleged that the defendant received payment for legal services rendered the successful plaintiff in the Squaw Island litigation; and that the late Louis E. Desbecker, Esq., former copartner of defendant, together with the plaintiff, entered into a joint adventure jointly to engage with the plaintiff in the prosecution of the Squaw Island case; that after Mr. Desbecker's death plaintiff and defendant entered into a like agreement; that the Squaw Island Company consented to and approved of the services of the plaintiff; that said alleged agreement was on a contingent fee basis which provided for the payment to plaintiff of one-half of the compensation or fees paid for the joint services in the event of success; that plaintiff rendered the services required by such agreement and that defendant has received from the Squaw Island Company approximately $21,000, one-half of which, plus certain disbursements, plaintiff now claims. Generally speaking, defendant's answer is a general denial.

Plaintiff resists defendant's demand for the particular information sought on the ground that plaintiff is seeking to recover from the defendant for services rendered pursuant to an agreement of joint adventure and not for *quantum meruit*.

There seems to be a paucity of reported cases passing on the particular point involved. In 1878, however, the Court of Common Pleas passed on a somewhat similar question in the case of *Stilwell v. Hernandez* (7 Daly, 485). In that case the plaintiff's complaint set forth a special contract alleging that he, an attorney at law, rendered certain services to the defendant pursuant thereto. Defendant demanded a bill of particulars of the services performed by the plaintiff. The court denied defendant's motion stating that the alleged contract must be proved as laid or the action fails and that without proof of performance no recovery can be had for any amount. If performance is proved plaintiff would be entitled to " the compensation as fixed, no more, no less."

In 1899 HISCOCK, J., later Chief Judge of the Court of Appeals, sitting in Special Term in the case of *White* v. *West* (27 Misc. 397), denied a motion for a bill of particulars in a somewhat similar instance. The plaintiff had alleged that defendant hired him for a fixed sum to render definite services and that he had fulfilled his part of the contract. HISCOCK, J., wrote that in such a case it would " not be specially important just what the details of his work were." This on the theory that the action was not brought to recover upon a *quantum meruit* but under a special contract.

In 1910 the Appellate Division, Second Department, decided the case of *Fragner* v. *Fischel* (141 App. Div. 869). That was an action by a real estate broker to recover under a specific contract alleged to entitle him to a fixed percentage of rentals. The defendant demanded a bill of particulars specifying the amount of time used by him in procuring a lease. The court held that such particulars were immaterial because the complaint was not based on the fair value of services but on a specific contract.

In 1938 the Appellate Division, Second Department, decided the case of *Kallus* v. *Fleischer Studios, Inc.* (255 App. Div. 812). That was an action for damages under an alleged breach of contract for personal services based on special contract and *quantum meruit*. The defendant there demanded a bill of particulars and the court ordered that if the plaintiff did not stipulate that he would not adduce evidence on the *quantum meruit* theory a bill of particulars would be ordered; if he did so stipulate no order for a bill of particulars was to issue in so far as the special contract was involved.

It, therefore, seems evident from the trend of the reported decisions on this and similar points that the courts will not order a bill of particulars of the details of time, place, etc., of services which are alleged to have been rendered as a result of a specific contract and where an accounting is sought as between the joint adventurers under such an agreement.

A lawsuit is, or should be, a serious attempt to elicit all the facts pertinent to the issues involved. It appears that the Squaw Island litigation covered a period of eight or ten years and that a great amount of time and effort was involved. In the interests of justice and of orderly trial procedure and in order to enable defendant to anticipate and prepare for a logical limitation of the proof on the trial, it is my opinion that the defendant should now be apprised of the dates when plaintiff claims to have commenced and completed his services under the alleged agreement, and also a statement in general terms of the principal steps taken by plaintiff in the furtherance and performance of the agreement alleged. While the plaintiff seems to have set forth in effect substantially this in his moving affidavit, he fails, however, definitely to state therein that he rendered such services. He simply sets forth that " the complaint alleged in substance " that he did.

Plaintiff's motion is granted, provided he furnish the information outlined in the last paragraph of this opinion.

Submit order in accordance with opinion. No costs.